`

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID O'SHELL,<br><br>                                   Petitioner,<br><br>        v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                                Respondent. | Civil No.    08-0436 J (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) CONSTRUING GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(3) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

### MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has $0.00 on account at the California correctional institution in which he is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.  The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

1    **CONSTRUING PETITION AS ONE FILED PURSUANT TO 28 U.S.C. § 2254**

2    Petitioner filed this action pursuant to 28 U.S.C. § 2241.  However, he is in state custody and

3    is attacking the validity of a civil commitment as a sexually violent predator following prior state court

4    convictions for child sexual assault/molestation.  The Ninth Circuit has treated civil commitment

5    proceedings under California's Sexually Violent Predator Act as akin to criminal proceedings.  *See*

6    *Carty v. Nelson*, 426 F.3d 1064 (2005).  Therefore, Petitioner may not proceed under section 2241, but

7    may only proceed with a habeas action in federal court under 28 U.S.C. § 2254.  *White v. Lambert*, 370

8    F.3d 1002, 1006-07 (9th Cir. 2004) (holding that section 2254 is the proper jurisdictional basis for a

9    habeas petition brought by an individual "in custody pursuant to a state court judgment").  Section 2254

10   is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found

11   is § 2241 as long as the person is in custody pursuant to the *judgment* of a state court, and not in state

12   custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other

13   forms of custody that are possible without a conviction." [citations omitted.] *Id.* at 1006 (quoting *Walker*

14   *v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original).  Accordingly, the Court construes

15   the petition as one filed pursuant to 28 U.S.C. § 2254.

16   **FAILURE TO NAME A PROPER RESPONDENT**

17   Review of the Petition reveals that Petitioner has failed to name a proper respondent.  On

18   federal habeas, a state prisoner must name the state officer having custody of him as the

19   respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28

20   U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to

21   name a proper respondent.  *See id.*

22   The warden is the typical respondent.  However, "the rules following section 2254 do not

23   specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the

24   institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

25   institutions.'"  *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a

26   petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

27   be the state officer who has official custody of the petitioner (for example, the warden of the

28   prison).'"  *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

1    A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]

2 habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The

3 actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v.*

4 *Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of

5 habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the

6 body" if directed to do so by the Court.  "Both the warden of a California prison and the Director

7 of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d

8 at 895.

9    Here, Petitioner has incorrectly named "The People of the State of California," as

10 Respondent.  In order for this Court to entertain the Petition filed in this action, Petitioner must

11 name the warden in charge of the state correctional facility in which Petitioner is presently

12 confined or the Director of the California Department of Corrections. *Brittingham v. United*

13 *States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

14                                   **CONCLUSION**

15    For the foregoing reasons, the Court **GRANTS** Petitioner's motion to proceed in forma

16 pauperis, **CONSTRUES** the petition as one filed pursuant to 28 U.S.C. § 2254, and

17 **DISMISSES** the case without prejudice and with leave to amend.  To have this case reopened,

18 Petitioner must, **no later than <u>May 20, 2008</u>**, file a First Amended Petition which cures the

19 pleading deficiencies outlined in this Order. **THE CLERK OF COURT IS DIRECTED TO**

20 **MAIL PETITION A BLANK FIRST AMENDED PETITION FORM PURSUANT TO 28**

21 **U.S.C. § 2254.**

22    **IT IS SO ORDERED.**

23

24 DATED:  March 28, 2008

25 _____

26 HON. NAPOLEON A. JONES, JR.
   United States District Judge

27

28