David O'Shell, pro per
_____
NAME
CO-000761-7
_____
PRISON NUMBER
Coalinga State Hospital
P.O. Box 5003
_____
CURRENT ADDRESS OR PLACE OF CONFINEMENT

Coalinga, California 93210
_____
CITY, STATE, ZIP CODE



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

David O'Shell,
_____,
(FULL NAME OF PETITIONER)

                                    **PETITIONER**

                v.

Steven Mayberg, Director
CA Dept. of Mental Health
_____,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                                   **RESPONDENT**
                and

Jerry Brown,
_____,
The Attorney General of the State of
California, Additional Respondent.

Civil No  08CV0436 J (NLS)
          _____
          (TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)


# FIRST AMENDED
## PETITION FOR WRIT OF HABEAS CORPUS


UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

---

1.  Name and location of the court that entered the judgment of conviction under attack: _____
    Superior Court of San Diego, San Diego, California _____

2.  Date of judgment of conviction: December 6, 2007 _____

3.  Trial court case number of the judgment of conviction being challenged: _____
    MH 100473; DA A63435/P67301 _____

4.  Length of sentence: Indeterminate _____

5. Sentence start date and projected release date: December 6, 2007; Indeterminate.

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _____ Welfare and Institutions Code §6600 et.seq. _____

7. What was your plea? (CHECK ONE)
   - (a) Not guilty        ☒
   - (b) Guilty            ☐
   - (c) Nolo contendere   ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   - (a) Jury        ☒
   - (b) Judge only  ☐

9. Did you testify at the trial?
   ☒ Yes  ☐ No

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☐ Yes  ☒ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    - (a) Result: _____
    - (b) Date of result (if known): _____
    - (c) Case number and citation (if known): _____
    - (d) Names of Judges participating in case (if known)_____
    _____
    - (e) Grounds raised on direct appeal: _____
    _____
    _____

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    - (a) Result: _____
    - (b) Date of result (if known): _____
    - (c) Case number and citation (if known): _____
    _____
    - (d) Grounds raised: _____
    _____

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the
    following with respect to that petition:

    (a)  Result: _____

    (b)  Date of result (if known): _____

    (c)  Case number and citation (if known): _____
    _____

    (d)  Grounds raised: _____
    _____
    _____
    _____
    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you
    previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas
    Corpus) with respect to this judgment in the **California Superior Court**?
    ☒ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a)  **California Superior Court** Case Number (if known): _Unknown_

    (b)  Nature of proceeding: Petition for Writ of Mandate under
    California Penal Code Section 871.6 and 859b.

    (c)  Grounds raised: Petitioner's preliminary hearing was
    continued without probable cause and without Petitioner's
    knowledge or consent to exceed the statutory period
    prescribed in Section 859b of the Penal Code.

    (d)  Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☒ No

    (e)  Result: No result as to date.

    (f)  Date of result (if known): N/A

16. Other than a direct appeal from the judgment of conviction and sentence, have you
    previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas
    Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☒ Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:

   (a) **California Court of Appeal** Case Number (if known): D052648

   (b) Nature of proceeding: Writ of Habeas Corpus

   (c) Names of Judges participating in case (if known) Unknown

   (d) Grounds raised: Actuarial Instruments / Psychological Tests

   (e) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes  ☒No

   (f) Result: Pending

   (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

   (a) **California Supreme Court** Case Number (if known): S161954

   (b) Nature of proceeding: Writ of Habeas Corpus

   (c) Grounds raised: "6 months of behavior" criteria.

   (d) Did you receive an evidentiary hearing on your petition, application or motion?

   ☐ Yes  ☒No

   (e) Result: Pending

   (f) Date of result (if known): _____

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

Petition for Writ of Habeas Corpus was filed with the California Supreme Court on September 18, 2007 and denied on November 14, 2007 (Case No. S156411) regarding this specific issue.

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
     ☐ Yes ☒ No    (IF "YES" SKIP TO #22)
     (a)  If no, in what federal court was the prior action filed? U.S. District Court
     (i)  What was the prior case number? 08-0436 J (NLS)
     (ii) Was the prior action (CHECK ONE):
          ☐ Denied on the merits?    Dismissed without prejudice.
          ☒ Dismissed for procedural reasons?
     (iii) Date of decision: March 28, 2008
     (b)  Were any of the issues in this current petition also raised in the prior federal petition?
          ☒ Yes ☐ No
     (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
          ☒ Yes ☐ No

---

CAUTION:

- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

CIV 68 (Rev. Jan. 2006)                           -5-                                    cv

## GROUNDS FOR RELIEF

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: Petitioner's due process and Constitutional Rights were violated where time constraints expired for Petitioner's arraignment.

**Supporting FACTS**: On November 16, 2006, a Petition for Involuntary Treatment was filed against Petitioner. (See Exhibit "A".) Petitioner was brought to the San Diego County Jail and made his first appearance on December 1, 2006. Fifteen (15) days after Petition for Involuntary Treatment was signed.

Did you raise **GROUND ONE** in the **California Supreme Court**?

XX Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Habeas Corpus

(2) Case number or citation: S156411

(3) Result (attach a copy of the court's opinion or order if available): Denied, (See Exhibit "B").

**(b)** **GROUND TWO:** Petitioner's due process and Constitutional Rights were violated at arraignment while Petitioner did not waive time.

**Supporting FACTS:** On December 1, 2006, arraignment was held and Deputy Public Defender, Jane Kinsey set a Status Conference for January 12, 2007. During the arraignment Petitioner was never asked to waive time by his attorney, nor did the Court seek to ask Petitioner if he knowingly or willingly desired to give up his Constitutional Rights of due process. At no time did Petitioner give consent or have prior knowledge to have statutory time waived or did the Petitioner knowingly or willingly personally with verbal consent waive time before the Court during arraignment or before the Probable Cause Hearing. (See Exhibits "C" and "D".)

**Did you raise GROUND TWO in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition): Habeas Corpus

(2)   Case number or citation: S156411

(3)   Result (attach a copy of the court's opinion or order if available): Denied, (See Exhibit "B").

**(c) GROUND THREE:** Petitioner's due process and Constitutional Rights were violated where time constraints expired for Probable Cause Hearing.

**Supporting FACTS:** Petitioner was arraigned on December 1, 2006, and a Status Conference was scheduled for January 12, 2007. At that time a Probable Cause Hearing was set for April 25, 2007. At no time had Petitioner waived statutory time prior to the Probable Cause Hearing which was held on April 24, 2007. (129 days after Petition for Involuntary Treatment was signed. See Exhibits "C" and "D".)

**Did you raise GROUND THREE in the California Supreme Court?**

X☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Habeas Corpus

(2) Case number or citation: S156411

(3) Result (attach a copy of the court's opinion or order if available): Denied, (See Exhibit "B").

CIV 68 (Rev. Jan. 2006)                    -8-                    cv

(d)    **GROUND FOUR**: _____

_____

_____

**Supporting FACTS**: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)    Case number or citation: _____

(3)    Result (attach a copy of the court's opinion or order if available): _____

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court: _____

(b) Case Number: _____

(c) Date action filed: _____

(d) Nature of proceeding: _____

_____

(e) Name(s) of judges (if known): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: Deputy Public Defender, Dalen Duong.
_____

(b) At arraignment and plea: Deputy Public Defender, Jane Kinsey.
_____

(c) At trial: Deputy Public Defender, Dalen Duong.
_____

(d) At sentencing: Deputy Public Defender, Dalen Duong.
_____

(e) On appeal: Not appointed as of this date.
_____

(f) In any post-conviction proceeding: N/A
_____

(g) On appeal from any adverse ruling in a post-conviction proceeding: N/A
_____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☒ Yes  ☐ No

(a) If so, give name and location of court that imposed sentence to be served in the future:
San Diego Superior Court, San Diego, CA
_____

(b) Give date and length of the future sentence: There is a two (2) year parole term to be served after this indeterminate sentence.
_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes  ☒ No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

CIV 68 (Rev. Jan. 2006)

cv

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

April 17, 2008

_____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.


N/A
_____
                    SIGNATURE OF ATTORNEY (IF ANY)



I declare under penalty of perjury that the foregoing is true and correct. Executed on

April 17, 2008            _____
       (DATE)                       SIGNATURE OF PETITIONER

SUPPORTING EXHIBITS

"A" THROUGH "D"

SUPPORTING EXHIBITS

"A" THROUGH "D"

SUPPORTING EXHIBITS

"A" THROUGH "D"

Exhibit "A"

Exhibit "A"

Exhibit "A"

BONNIE M. DUMANIS
District Attorney
SUMMER STEPHAN, SBN 129323
Deputy District Attorney
Hall of Justice
330 West Broadway, Suite 1240
San Diego, California 92101
(619) 531-4197
Fax (619) 685-6540
Email summer.stephan@sdcda.org

Attorneys for Petitioner

F I L E D
Clerk of the Superior Court

NOV 1 6 2006

By: X. LUGO, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

CENTRAL DIVISION

| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Petitioner,<br><br>v.<br><br>DAVID O'SHELL,<br>(CDC# K13377)<br><br>Respondent. | Nos.  MH 100473<br>    DA  A63435/P67301<br><br>**PETITION FOR INVOLUNTARY TREATMENT OF A SEXUALLY VIOLENT PREDATOR**<br><br>**(Welf. & Inst. Code, § 6600 et seq.)**<br>Date:  December 1, 2006<br>Time:  9:00 a.m.<br>Dept:  11 |

I

Pursuant to Welfare and Institutions Code section 6600 et seq., the District Attorney of the County of San Diego hereby petitions this Honorable Court to commence proceedings to determine whether DAVID O'SHELL is a sexually violent predator and should be committed for an indeterminate term to the custody of the California Department of Mental Health for appropriate treatment and confinement in a secure facility designated by the Director of Mental Health.  Respondent is a sexually violent predator in that Respondent was convicted of a sexually violent offense against two or more victims, and has a diagnosed mental disorder that makes him a danger to the health and safety of others in that it is likely he will engage in sexually violent predatory criminal behavior.

. . . . .

1

## II

On October 22, 1982, in the Municipal Court of California, County of San Diego, San Diego Judicial District, SF-76399 (Superior Court case number CRS-60538), DAVID O'SHELL pled guilty to the crime of Oral Copulation with a Person Under the Age of 18, in violation of Penal Code section 288a(c), a felony.  It is also alleged that in the commission of the above offense, the respondent DAVID O'SHELL used a deadly weapon, to wit: a knife, within the meaning of Penal Code section 12022.3(a).  The victim was a young man Ben S. – age 16.

## III

On November 17, 1982, the Honorable Cazares, Judge of the Municipal Court, sitting as Superior Court Judge, sentenced respondent to 11 years in state prison.

## IV

On May 23, 1996, in the Municipal Court of California, County of San Diego, San Diego Judicial District, in case CD-115690 (Superior Court number SCD-115690), DAVID O'SHELL pled guilty to the crime Lewd Act Upon a Child in violation of Penal Code section 288.5(a), a felony.  It is also alleged that respondent has not remained free of prison custody and free of the commission of an offense resulting in a felony conviction for ten years subsequent to his conviction for the above said felony, within the meaning of Penal Code section 667.6(a).  The victim was a young male Joseph P. age – 13.

## V

On July 11, 1996, the Honorable Kenneth K. So, Judge of the Superior Court sentenced DAVID O'SHELL to 21 years state prison.

## VI

Petitioner herein alleges that DAVID O'SHELL is a person who has been convicted of a sexually violent offense against two or more victims for which he was

. . . . .

. . . . .

. . . . .

2

1   sentenced to state prison and who has a diagnosed mental disorder that makes him a danger to

2   the health and safety of others, in that it is likely he will engage in sexually violent predatory

3   criminal behavior.  (See Declaration of Summer Stephan attached hereto.)

4                                              VII

5          Respondent is presently confined at California State Prison-Solano.

6          WHEREFORE, your petitioner prays that:

7              1.  Proceedings be held in the manner provided by law pursuant to the provisions

8   of Welfare and Institutions Code section 6600 et seq.

9              2.  At the conclusion of the proceedings, the court commit respondent DAVID

10  O'SHELL to the Department of Mental Health for an indeterminate term pursuant to

11  Welfare and Institutions Code section 6604.

12             3.  The court issue an order to the Sheriff of the County of San Diego and to the

13  Warden, California State Prison-Solano, directing the Sheriff to bring respondent before this

14  court for arraignment on this petition and for such further proceedings that are called for by

15  Welfare and Institutions Code section 6600 et seq.

16             4.  The court also issue an order finding probable cause through facial review and

17  holding respondent in a secure facility (i.e., California State Prison-Solano/county jail) pursuant

18  to Welfare and Institutions Code section 6601.5 pending further proceedings.

19         Dated:  November 13, 2006

20                                        Respectfully submitted,

21                                        BONNIE M. DUMANIS
                                          District Attorney
22

23                                   By:  Summer Stephan

24                                        SUMMER STEPHAN
                                          Deputy District Attorney
25

26                                        Attorneys for Petitioner

27

28

Exhibit "B"

Exhibit "B"

Exhibit "B"

S156411

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re DAVID O'SHELL on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

NOV 1 4 2007

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

Exhibit "C"

Exhibit "C"

Exhibit "C"

IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CENTRAL DIVISION

DEPARTMENT 11                    BEFORE HON. JEFFREY FRASER, JUDGE

```
_____
                               )
THE PEOPLE OF THE STATE OF     )
CALIFORNIA                     )
                               )
                   PLAINTIFF,  )
                               )
VS.                            )
                               )
DAVID OSHELL,                  )
                               )
                   DEFENDANT.  )
_____)
```

COPY

REPORTER'S TRANSCRIPT

SAN DIEGO, CALIFORNIA

DECEMBER 1, 2006

APPEARANCES:

    FOR THE PEOPLE:         BONNIE M. DUMANIS, ESQ.
                              DISTRICT ATTORNEY
                              BY: PHYLISS SHESS
                              DEPUTY DISTRICT ATTORNEY

    FOR THE DEFENDANT:      JANE KINSEY
                              DEPUTY PUBLIC DEFENDER

                              LORI LAROCQUE RMR, RPR, CSR NO. 10984
                              OFFICIAL REPORTER
                              SAN DIEGO SUPERIOR COURT

1  SAN DIEGO, CALIFORNIA, FRIDAY, DECEMBER 1, 2006, A.M. CALENDAR

2                            - - -

3                    P R O C E E D I N G S

4                            - - -

5        THE COURT:  NO. 18, OSHELL.

6        MS. SHESS:  PHYLIS SHESS FOR THE PEOPLE.

7        MS. KINSEY:  JANE KINSEY FOR DALEN DUONG OF MY OFFICE,

8   WHO IS CURRENTLY IN TRIAL.  MR. OSHELL IS HERE FOR

9   ARRAIGNMENT.  I HAVE DISCUSSED WITH COUNSEL PERHAPS WE COULD

10  SET A STATUS CONFERENCE IN JANUARY AND AT THIS POINT SET A

11  PROBABLE CAUSE IN APRIL.

12       MS. SHESS:  WELL, I THINK THAT'S TOO FAR OFF AT THIS

13  POINT FOR THE PROBABLE CAUSE HEARING, YOUR HONOR.  THAT DOESN'T

14  GET US TO A TRIAL DATE FOR A LONG PERIOD OF TIME.

15            SO WHAT I SUGGESTED IS -- I DON'T EVEN KNOW

16  WHETHER MR. DUONG HAS EVEN HAD A CHANCE TO MEET WITH HIS CLIENT

17  YET.  BUT JANUARY 12TH -- IF WE COULD BASICALLY CONTINUE THE

18  ARRAIGNMENT OR WE COULD DO THE ARRAIGNMENT THIS MORNING AND SET

19  JANUARY 12TH FOR A STATUS.  AT THAT POINT, THEN, MR. DUONG WILL

20  BE BACK WITH HIS CALENDAR AND PERHAPS WE CAN WORK TOGETHER TO

21  MOVE THE DATE UP A LITTLE BIT.

22       THE COURT:  THIS WILL BE THE ARRAIGNMENT NOW.  WE'LL SET

23  IT FOR STATUS ON TRIAL AND GET FORMAL DATES.

24       MS. KINSEY:  THAT'S FINE.

25       THE COURT:  SO GO AHEAD, COUNSEL, AND ARRAIGN HIM.

26       MS. KINSEY:  YOUR HONOR, MR. OSHELL IS ON A W.I. 6600

27  PETITION.  HE DENIES THE PETITION AT THIS TIME AND REQUESTS

28  PROBABLE CAUSE FOR A JURY TRIAL.

3

1      THE COURT:  AT THIS POINT, THEN, WAIVE ANY TIME TO HAVE

2  A PROBABLE CAUSE HEARING WITHIN A REASONABLE TIME SO I CAN SET

3  IT FOR A STATUS IN JANUARY?

4      MS. KINSEY:  YES.

5      THE COURT:  NOTE THE TIME WAIVER.  PUT THE MATTER OVER

6  UNTIL JANUARY.

7      THE CLERK:  COUNSEL, WHAT DATE?

8      MS. KINSEY:  JANUARY 12TH.

9      THE CLERK:  STATUS SET FOR JANUARY 12TH AT 9:00 O'CLOCK

10  IN DEPARTMENT 11.

11      MS. KINSEY:  THANK YOU.

12                 - - -

13      (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED)

14                 - - -

STATE OF CALIFORNIA )
                                 :
COUNTY OF SAN DIEGO )




            I, LORI LAROCQUE, DO HEREBY CERTIFY:


            THAT I AM A CERTIFIED SHORTHAND REPORTER OF THE
STATE OF CALIFORNIA, CERTIFICATE NO. 10984, AND AN OFFICIAL
COURT REPORTER OF THE SUPERIOR COURT, CENTRAL DIVISION, IN AND
FOR THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA;


            THAT AS SUCH OFFICIAL COURT REPORTER, I REPORTED
IN SHORTHAND THE ORAL PROCEEDINGS IN THE WITHIN CAUSE ON THE
DATE INDICATED HEREINBEFORE; AND


            THAT THE FOREGOING AND ATTACHED "REPORTER'S
TRANSCRIPT," IS A FULL, TRUE AND CORRECT TRANSCRIPT OF THE ORAL
PROCEEDINGS HAD ON SAID DATE.


            DATED THIS 17TH DAY OF APRIL, 2007, AT SAN DIEGO,
CALIFORNIA.




                        _____
                        LORI LAROCQUE, RMR, RPR, CSR
                        OFFICIAL REPORTER, CSR NO. 10984
                        SAN DIEGO SUPERIOR COURT

Exhibit "D"

Exhibit "D"

Exhibit "D"

1        UNITED STATES DISTRICT COURT

2        SOUTHERN DISTRICT OF CALIFORNIA

3

4

5   David O'Shell,              )   Case No:  MH100473
              Petitioner        )   DA No:  A63435 / P67301
6                               )
              v.                )
7   People of the State         )   DECLARATION    OF    DAVID
        of California,          )   O'SHELL   IN   SUPPORT   OF
8             Respondent        )   MOTION TO DISMISS

9

10       I, David O'Shell, declare as follows:

11       I am the Petitioner and Defendant in the above entitles

12   case.

13       I declare under penalty of perjury that the facts stated

14   in the enclosed document not otherwise supported by citations

15   to the record, exhibits, or other documents, are true and

16   correct of my own knowledge.  I further declare as to any

17   facts alleged on information and belief, that I believe them

18   to be true and correct under penalty of perjury.

19       The facts of the case are as follows:

20       On November 16, 2006, the District Attorney filed the

21   Petition for Involuntary Treatment pursuant to Welfare and

22   Institutions Code (W.I.C.) Section 6600 et. seq.  On this day

23   also was an order to keep Mr. O'Shell in a secure facility

24   pending a hearing pursuant to W.I.C. Section 6602.  Mr.

25   O'Shell was transported and delivered to San Diego County Jail

26   on November 29, 2006.  Mr. O'Shell appeared before the

27   Honorable Jeffrey F. Fraser in Department 11, Superior Court

28   of San Diego, and a "Status Conference" was set for January

Page 1 of 2

1   12, 2007.   On January 12, 2007, Mr. O'Shell again appeared

2   before the Honorable Jeffrey F. Fraser and a Probable Cause

3   hearing was set for April 25, 2007.   This date was later

4   changed to April 24, 2007, due to scheduling conflicts with

5   witnesses.

6       At no time did Mr. O'Shell personally waive statutory

7   time in extending the Probable Cause Hearing beyond the 10-day

8   requirement pursuant to W.I.C. Section 6601.5.   At no time did

9   Mr. O'Shell submit or authorize Counsel to submit a motion to

10  extend the Probable Cause Hearing beyond the 10-day

11  requirement pursuant to W.I.C. Section 6601.5.   At no time did

12  Mr. O'Shell authorize court appointed Counsel to waive

13  statutory time.   At no time was Mr. O'Shell asked by the Court

14  to verbally waive statutory time or to sign a waiver to waive

15  statutory time.

16      I declare under penalty of perjury under the laws of the

17  State of California, that the foregoing is true and correct.

18      Dated this 15th day of February in the year of 2008, in

19  the city of Coalinga of Fresno County and State of California.

20

21  Declarant,                          Witness,

22

23  _____           _____

24  David O'Shell,                      Matthew H. Hedge,
    Petitioner / Defendant              Witness of Signature

25

26

27

28

**PROOF OF SERVICE BY MAIL**

**BY PERSON IN STATE CUSTODY**

(Fed. R. Civ. P. 5; 28 U.S.C. §1746)


I, David O'Shell, declare that:

I am over eighteen years of age and a party to this action.  I am a resident of Coalinga State Hospital in the city of Coalinga in the county of Fresno, California.  The address of my incarceration is: P.O. Box 5003, Coalinga, California 93210.

On April 17, 2008, I served the attached: Petition for Writ of Habeas Corpus on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage guaranteed by Coalinga State Hospital for indigent inmates, in the United States Mail in a deposit box so provided at the above named state hospital in which I am presently confined.  The envelope was addressed as follows:

> United States District Court
> Southern District of California
> Office of the Clerk
> 880 Front Street, Suite 4290
> San Diego, California 92101-8900

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed April 17, 2008        _David O'Shell_

David O'Shell,
Petitioner / Defendant

**Page 1 of 1**