1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                         **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    DAVID O'SHELL,                              Civil No.    08-0436 J (NLS)

12                                   Petitioner,

13    v.                                          **ORDER REQUIRING RESPONSE TO**
                                                  **PETITION (28 U.S.C. § 2254)**
14    STEVEN MAYBERG, Warden,

                                     Respondent.
15

16

17          On March 7, 2008, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ

18   of Habeas Corpus pursuant to 28 U.S.C. §2241, along with a Motion to Proceed In Forma

19   Pauperis. [Doc. No. 1.] On March 28, 2008, this Court issued an Order construing the Petition

20   as one filed pursuant to 28 U.S.C. § 2254, granted Petitioner's motion to proceed in forma

21   pauperis, and dismissed the case with leave to amend for Petitioner's failure to name a proper

22   Respondent. [Doc. No. 3.] On April 21, 2008, Petitioner filed a First Amended Petition in which

23   he names the proper Respondent.

24          Therefore, in accordance with Rule 4 of the rules governing petitions for a writ of habeas

25   corpus pursuant to 28 U.S.C. § 2254,  **IT IS ORDERED** that:

26          1. The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy of

27   this Order on the Attorney General for the State of California, or his authorized agent; and

28   (b) serve a copy of this Order on Petitioner.

1          2.  If Respondent contends the Petition can be decided without the Court's reaching the

2    merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust

3    any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred

4    by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules

5    Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner

6    is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules

7    Governing § 2254 Cases no later than **June 12, 2008**.  The motion to dismiss shall not address

8    the merits of Petitioner's claims, but rather shall address <u>all</u> grounds upon which Respondent

9    contends dismissal without reaching the merits of Petitioner's claims is warranted.[1]  At the time

10   the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on

11   Respondent's contention in this regard.  A hearing date is <u>not</u> required for the motion to dismiss.

12         3.  If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to

13   the motion no later than **July 14, 2008**.  At the time the opposition is filed, Petitioner shall lodge

14   with the Court any records not lodged by Respondent which Petitioner believes may be relevant

15   to the Court's determination of the motion.

16         4.  Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's

17   opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent

18   adequate time to respond to Petitioner's claims on the merits.

19         5.  If Respondent does not contend that the Petition can be decided without the Court

20   reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the

21   Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to

22   Rule 5 of the Rules Governing § 2254 Cases no later than **June 27, 2008**.  At the time the answer

23   is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's

24   claims.  The lodgments shall be accompanied by a notice of lodgment which shall be captioned

25   "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's**

26

27

28

---

[1]  If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

1  **Office**."   Respondent shall not combine separate pleadings, orders or other items into a

2  combined lodgment entry.  Each item shall be numbered separately and sequentially.

3        6. Petitioner may file a traverse to matters raised in the answer no later than **July 28,**

4  **2008**.  Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each

5  allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive

6  to matters raised in the answer; and (c) shall not raise new grounds for relief that were not

7  asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.

8  No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause

9  shown.

10        7. A request by a party for an extension of time within which to file any of the pleadings

11  required by this Order should be made in advance of the due date of the pleading, and the Court

12  will grant such a request only upon a showing of good cause.  Any such request shall be

13  accompanied by a declaration under penalty of perjury explaining why an extension of time is

14  necessary.

15        8. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day

16  following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

17        9. Every document delivered to the Court must include a certificate of service attesting

18  that a copy of such document was served on opposing counsel (or on the opposing party, if such

19  party is not represented by counsel).  Any document delivered to the Court without a certificate

20  of service will be returned to the submitting party and will be disregarded by the Court.

21        10. Petitioner shall immediately notify the Court and counsel for Respondent of any

22  change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner

23  may be contacted, this action will be subject to dismissal for failure to prosecute.

24       **IT IS SO ORDERED.**

25  DATED:  April 28, 2008

26                            Hon. Nita L. Stormes

27                            U.S. Magistrate Judge

28