UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID O'SHELL,<br><br>        Petitioner,<br>v.<br><br>STEVEN MAYBERG, Warden,<br><br>        Respondent. | Civil No.08cv436-J(NLS)<br><br>**ORDER RE: PETITIONER'S MOTION TO DENY RESPONDENT'S APPLICATION FOR THIRTY DAY ENLARGEMENT OF TIME TO FILE MOTION TO DISMISS OR ANSWER**<br><br>[Doc. No. 9] |

    Before the Court is Petitioner's motion requesting that the Court deny Respondent's previous *ex parte* application seeking a thirty day extension of time in which to file a responsive pleading in this matter [Doc. Nos. 6, 9]. On June 13, 2008, the Court found good cause to extend the briefing schedule based on counsel for Respondent's workload and granted the application [Doc. No. 7]. In doing so, the Court noted that the extension would be the only one granted based upon counsel's workload, and future extension requests would have more stringent requirements in order to meet the good cause standard.

    Having received the instant motion, which opposes the extension request, subsequent to ruling on Respondent's application, the Court shall construe the pleading as a motion for reconsideration of the Court's order granting Respondent the thirty day extension. As Petitioner correctly states in his motion, Federal Rule of Civil Procedure 60(b) states the grounds for relief from a final order of the Court. Specifically, Petitioner cites Rule 60(b)(1) and argues that counsel for Respondent's failure to act (in this case to file a responsive pleading) because he was on vacation is not the result of excusable neglect, and therefore the Court should not have considered it good cause to grant the extension of time.

However, the Court's finding of good cause was not based upon counsel's vacation plans.  Rather, the Court found good cause based on counsel's declaration stating that he did not receive his assignment to this matter until June 2, 2008, and therefore needed additional time to familiarize himself with the record of the case.  The Court also based its ruling on counsel's heavy workload, and the fact that it was Respondent's first request for an extension.  All of these factors constituted good cause for the thirty day extension, but the Court's decision to grant the application also took into consideration whether the extension would prejudice Petitioner in any way.  The Court determined that at this stage in the case a thirty day extension of the briefing schedule does not prejudice Petitioner.

Based on the foregoing reasons, Petitioner's motion [Doc. No. 9] is **DENIED.**

**IT IS SO ORDERED.**

DATED:  July 15, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge