1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  ANTHONY DA SILVA, State Bar No. 159330
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone:  (619) 645-2608
    Fax:  (619) 645-2271
9   Email:  Anthony.DaSilva@doj.ca.gov

10  Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14  **DAVID O'SHELL,**                        | 08CV0436 J (NLS)

15                          Petitioner,        | **ANSWER TO PETITION FOR
                                               | WRIT OF HABEAS CORPUS**
16          **v.**

17  **STEVEN MAYBERG, Warden,**

18                          Respondent.

19

20

21

22

23

24

25

26

27

28

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DANE R. GILLETTE
    Chief Assistant Attorney General
3   GARY W. SCHONS
    Senior Assistant Attorney General
4   KEVIN VIENNA
    Supervising Deputy Attorney General
5   ANTHONY DA SILVA, State Bar No. 159330
    Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone:  (619) 645-2608
     Fax:  (619) 645-2271
9    Email:  Anthony.DaSilva@doj.ca.gov

10   Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14   **DAVID O'SHELL,**                        08CV0436 J (NLS)

15                              Petitioner,    **ANSWER TO PETITION FOR
                                               WRIT OF HABEAS CORPUS**
16          **v.**

17   **STEVEN MAYBERG, Warden,**

18                              Respondent.

19

20          COMES NOW RESPONDENT Dr. Stephen W. Mayberg, Director of the California

21   Department of Mental Health, by and through his counsel, Edmund G. Brown Jr., Attorney General

22   for the State of California and Anthony Da Silva, Deputy Attorney General, and files his Answer

23   to the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by David O'Shell

24   ("O'Shell") in compliance with this Court's orders filed on April 28 and June 13, 2008.  Under Rule

25   5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent

26   hereby denies and affirmatively alleges as follows:

27

28

08CV0436

# I.

## FACTUAL AND PROCEDURAL AVERMENTS

O'Shell is lawfully in Respondent's custody on a civil petition, in San Diego County Superior Court Case No. MH 100473, after a jury found he was a sexually violent predator ("SVP") within the meaning of California Welfare and Institution Code sections 6600-6604. (Lodgment 1 - Clerk's Transcript ("CT") at 159.)

On October 22, 1982, in San Diego County Municipal Court Case No. CRD-60538, O'Shell plead guilty to oral copulation with person under the age of 18 (Cal. Penal Code § 288a(c)), and admitted that he used a deadly weapon – a knife (Cal. Penal Code § 12022.3(a)). (Lodgment 2 - Supp. CT at 3-4.) On November 17, 1982, the Hon. Roy B. Cazares sentenced O'Shell to 11 years in prison. (Lodgment 2 - Supp. CT at 5-6.)

On May 23, 1996, in San Diego Superior Court Case No. SCD 115690, O'Shell plead guilty to lewd act upon a child (Cal. Penal Code § 288.5(a)), and admitted he did not remain free of prison custody and free of the commission of a felony for ten years (Cal. Penal Code § 667.6(a)). (Lodgment 2 - Supp. CT at 24-25.) On July 11, 1996, the Hon. Kenneth K. So sentenced O'Shell to 21 years in prison. (Lodgment 2 - Supp. CT at 26-27.)

On November 16, 2006, the State filed a Petition for Involuntary Treatment of a Sexually Violent Predator (Cal. Welf. & Inst. Code § 6600 et seq.) in San Diego County Superior Court Case No. MH 100437. (Lodgment 1 - CT at 1-61.) On the same date, the Hon. Jeffrey F. Fraser signed an Order to Produce O'Shell for arraignment on December 1, 2006. (Lodgment 1 - CT at 62-63.)

On December 1, 2006, O'Shell was present in court with his attorney, Deputy Public Defender Jane Montague. O'Shell denied the allegations in the petition, waived statutory time for trial and, on his motion, a status conference was set for January 12, 2007. (Lodgment 1 - CT at 139.)

On January 12, 2007, O'Shell and his attorney, Deputy Public Defender Dalen Duong, were present in court. The probable cause hearing pursuant to Welfare and Institutions Code § 6602 was set for April 25, 2007. (Lodgment 1 - CT at 140.) On March 29, 2007, by stipulation of counsel the date of the probable cause hearing was changed to April 24, 2007. (Lodgment 1 - CT at 141.)
///

08CV0436

1    A few weeks earlier, on February 6, 2007, O'Shell filed a petition for writ of habeas

2    corpus in San Diego County Superior Court Case No. HC 18785.  Citing Welfare and Institutions

3    Code section 6601.5, O'Shell claimed that his right to due process was violated because he did not

4    receive a probable cause hearing within 10 days of execution of the order to appear on November

5    16, 2006 (Lodgment 4 - Order Denying Petition at 1-2.)

6    On March 22, 2007, the superior court denied the habeas petition.  The court noted that

7    O'Shell filed the petition without the knowledge or approval of his counsel.  (Lodgment 4 at 1.)

8    In denying the petition, the superior court stated that:

9    As noted, and as verified from the court file in MH 100473, at the time the Petition for
     Involuntary Treatment was filed, [O'Shell] was incarcerated at the Solano State Prison.
10   Thus, he is, and has been, "detained" at least since 1996 on this particular case. [O'Shell]
     has failed to show any prejudice or any reason why this delay has caused him any
11   detriment or loss of due process rights. [¶] In fact, according to the Court's minutes,
     [O'Shell]] waived statutory time, and it appears that the Status Conference for January 12,
12   2007, was as a result of [O'Shell]'s own motion.

13   (Lodgment 4 at 3.)

14   On April 24, 2007, after a hearing, the trial court found there was probable cause that

15   O'Shell was a SVP.  (Lodgment 1 - CT at 143; Lodgment 3 - Reporter's Transcript ("RT") (April

16   24, 2005) at 1-107.)

17   On that same date, O'Shell constructively filed a habeas corpus petition in California

18   Court of Appeal, Fourth Appellate District, Division One, Case No. D050847.[1]  O'Shell requested

19   dismissal of the SVP petition and immediate release from custody because he again claimed that

20   he did not receive a probable cause hearing within 10 days of the execution of the order to appear

21   on November 16, 2006.  (Lodgment 5.)

22   On May 18, 2007, the Court of Appeal denied the petition.  (Lodgment 6.)  The appellate

23   court noted that O'Shell alleged that: (1) On November 16, 2006, the State filed the petition against

24   him seeking involuntary treatment as a SVP and the trial court signed an order to produce him for

25

26   _____

27   1.  Under the "mailbox rule," this Court may consider the date that O'Shell filed his habeas
     petitions as the date of filing because, presumably, that is the day that O'Shell handed it to prison
28   authorities for mailing.  *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245
     (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).

08CV0436

3

1    arraignment on December 1, 2006; (2) at his appearance on December 1, 2006, he did not consent

2    to waive statutory time (contrary to the indication in the minute order) and the court set the case for

3    a status conference; (3) at the status conference on January 12, 2007, the court calendared a probable

4    cause hearing in April; and, (4) although he asked his attorney to submit a motion to dismiss the

5    SVP proceedings to the court, his attorney refused. (Lodgment 6 at 1.)   The appellate court stated

6    its reasons for denying the petition as follows:

> O'Shell is improperly attempting to use habeas corpus as a vehicle to bypass a decision by his attorney of record not to file a motion to dismiss.  He has not shown that he requested new counsel or attempted to revoke his purported time waivers.  O'Shell has not provided copies of the relevant documents (the petition, a request for review under Welf. & Inst. Code, § 6601.5, the November 16, 2006 order, or any minute orders or transcripts).  The petition is denied.

(Lodgment 6 at 2.)

On May 22, 2007, O'Shell constructively filed a habeas corpus petition in California Court

of Appeal, Fourth Appellate District, Division One, Case No. D050983.  (Lodgment 7.)

On August 14, 2007, the appellate court denied the petition as follows:

> The petition is procedurally barred because it is repetitive, and [O'Shell] has not established an exception to the procedural bar.  (*In re Clark* (1993) 5 Cal.4th 750, 765, 767-768.)  The petition also fails to state a prima facie case for relief because [O'Shell] has not established that his trial counsel's decisions to waive time for and request a continuance of the probable cause hearing fell outside counsel's general authority to control all decisions affecting trial tactics and court proceedings.  (See, e.g., *Townsend v. Superior Court* (1975) 15 Cal.3d 774, 781.)  The petition is denied.

(Lodgment 8.)

On September 10, 2007, O'Shell filed a habeas corpus petition in California Supreme

Court Case No. S156411.  (Lodgment 9.)  O'Shell specifically alleged that: "The court erred by not

holding my arraignment or probable cause hearing within the 10-day time limit in violation of

W.I.C. § 6601.5 and Penal Code § 8596.  The court also violated my 14th Amendment right to due

process.  In so doing a substantial loss of liberty has occurred."  (Lodgment 9 at 3, ¶ 6.)

On November 8, 2007, an amended SVP petition was filed that conformed to the changes

that took place  on November 8, 2006, after voters passed Proposition 83 (also known as "Jessica's

Law") which amended the SVPA.  (Lodgment 1 - CT at 64-70.)

On November 14, 2007, the California Supreme Court denied the habeas corpus petition

08CV0436

4

1  without comment or citation. (Lodgment 10.)

2         On November 27, 2007, O'Shell's civil trial began in San Diego Superior Court Case No.

3  SCD 115690. (Lodgment 1 - CT at 149-150; Lod. 3 - 3 RT at 139.) On December 6, 2007, the jury

4  found that O'Shell was a SVP. (Lodgment 1 - CT at 159-160; Lodgment 3 - RT at 710.)   On

5  December 13, 2007, O'Shell filed a Notice of Appeal. (Lodgment 1 - CT at 138.) O'Shell's appeal

6  is currently pending in California Court of Appeal, Fourth Appellate District, Division One, Case

7  No. D052192.

8         On March 7, 2008, O'Shell filed a Petition for Writ of Habeas Corpus pursuant to 28

9  U.S.C. § 2254 in this Court.  On March 28, 2008, this Court dismissed the Petition with leave to

10  amend because O'Shell failed to name a proper respondent.

11         On April 21, 2008, O'Shell filed a First Amended Petition in this Court.

12                                            **II.**

13                                  **STANDARD OF REVIEW**

14

15         O'Shell's Petition is governed by the Antiterrorism and Effective Death Penalty Act of

16  1996 ("AEDPA") because it was filed after its enactment on April 26, 1996. 110 Stat. 1214. *See*

   *Woodford v. Garceau*, 538 U.S. 202, 207, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003) (habeas

17  application filed after the AEDPA's effective date of April 24, 1996, is reviewed under the

18  AEDPA); *Lockyer v. Andrade*, 538 U.S. 63, 70, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  As

19  amended by the AEDPA, 28 U.S.C. § 2254 reads:

20

21         (d)  An application for a writ of habeas corpus on behalf of a person in
       custody pursuant to the judgement of a State court shall not be granted with respect to any
22     claim that was adjudicated on the merits in State court proceedings unless the adjudication
       of the claim –

23            (1)  resulted in a decision that was contrary to, or involved an
          unreasonable application of, clearly established Federal law, as
24        determined by the Supreme Court of the United States; or

25            (2)  resulted in a decision that was based on an unreasonable
          determination of the facts in light of the evidence presented in the
26        State court proceeding.

27         To obtain federal habeas relief, O'Shell must satisfy either § 2254(d)(1) or § 2254(d)(2).

28  *Williams v. Taylor*, 529 U.S. 362, 403, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).   The Supreme

08CV0436

1  Court interprets § 2254(d)(1) as follows:

2           Under the "contrary to" clause, a federal habeas corpus court may grant the writ if
     the state court arrives at a conclusion opposite to that reached by this Court on a question
3    of law or if the state court decides a case differently than this Court has on a set of
     materially indistinguishable facts. Under the "unreasonable application" clause, a federal
4    habeas court may grant the writ if the state court identifies the correct governing legal
     principle from this Court's decisions but unreasonably applies that principle to the facts
5    of the prisoner's case.

6  *Williams v. Taylor*, 529 U.S. at 412-13; *Lockyer v. Andrade*, 538 U.S. at 73-74.

7           A state court need not cite Supreme Court precedent when resolving a habeas corpus

8  claim. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002). "[S]o long as

9  neither the reasoning nor the result of the state-court decision contradicts [Supreme Court

10 precedent]," the state court decision will not be "contrary to" clearly established federal law. *Id.*

11          In addition, the state court's factual determinations must be presumed correct, and the

12 federal court must accept all factual findings made by the state court unless the petitioner can rebut

13 "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Purkett*

14 *v. Elem*, 514 U.S. 765, 769, 115 S. Ct. 1769, 131 L. Ed. 2d 834 (1995); *Thompson v. Keohane*, 516

15 U.S. 99, 109, 116 S. Ct. 457, 133 L. Ed. 2d 383 (1995); *Langford v. Day*, 110 F.3d 1380, 1388 (9th

16 Cir. 1997). Under § 2254(d)(2), "a decision adjudicated on the merits in a state court and based on

17 a factual determination will not be overturned on factual grounds unless objectively unreasonable

18 in light of the evidence presented in the state court proceeding." *Miller-El v. Cockrell*, 537 U.S.

19 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). "Once the state court's fact-finding process

20 survives this intrinsic review [,] . . . the state court's findings are dressed in a presumption of

21 correctness []" and may be overturned only if new evidence presented for the first time in federal

22 court "amounts to clear and convincing proof that the state-court finding is in error." *Taylor v.*

23 *Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also* 28 U.S.C. § 2254(e)(1); *Kesser v. Cambra*,

24 465 F.3d 351, 358 n.1 (9th Cir. 2006) (en banc) (clear and convincing proof required to rebut state

25 court findings of facts with extrinsic evidence presented for the first time in the federal habeas

26 court).

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### STATUTE OF LIMITATIONS, EXHAUSTION, PROCEDURAL BARS

O'Shell's First Amended Petition was timely filed with this Court. 28 U.S.C. § 2244(d)(1)(A). The claims contained in his First Amended Petition have been exhausted in the state courts and are not procedurally barred.

### IV.

### ABSTENTION

On June 27, 2008, O'Shell filed a direct appeal challenging his SVP commitment in California Court of Appeal, Fourth Appellate District, Division One, Case No. D052192. (Lodgment 11 at 2.) Federal courts generally may not enjoin ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 49-53, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (*Younger* abstention doctrine); *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 712 (9th Cir. 1995). In this case, *Younger* requires dismissal of the petition, and a stay is not a proper option. *See, e.g.*, *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S. Ct. 1689, 36 L. Ed. 2d 488 (1973) ("*Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts"); *Delta Dental Plan of Calif. Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998) ("When a case is one in which the *Younger* doctrine applies, the district court has no discretion, it must dismiss"); *Coleman v. Mayberg*, 2005 WL 1876061, *4, 2005 U.S. Dist. LEXIS 44142, *13 (N.D. Cal. Aug. 8, 2005) (dismissing petition without prejudice to refiling after SVPA commitment proceedings, including appeal, are completed). Accordingly, O'Shell's Petition must be dismissed.

### V.

### CLAIMS

In his First Amended Petition, O'Shell claims that his right to due process and Constitutional rights were violated because: (1) a probable cause hearing was not held within 10 days as required by California Welfare and Institutions Code section 6601.5 because the SVP petition was filed on November 16, 2006 and he did not appear in court until December 1, 2006 (Pet. at 6 - Ground One); (2) at his appearance on December 1, 2006, he did not consent to waive

08CV0436

7

1   statutory time  and the court set the case for a status conference on January 12, 2007 (Pet. at 7 -

2   Ground Two); (3) at the status conference on January 12, 2007, he did not consent to waive statutory

3   time and the court calendared a probable cause hearing on April 25, 2007, which was changed to

4   April 24, 2007 (Pet. at 8 - Ground Three).

5          O'Shell's claims were denied on the merits by the superior court and state appellate court

6   in reasoned decisions where they concluded that: (1) O'Shell failed to show any prejudice or any

7   reason why the claimed delay caused him any detriment or loss of his due process or other

8   Constitutional rights; (2)  at his appearance on December 1, 2006,  O'Shell waived time and the

9   setting of his status conference for December 1, 2006  was based on his own motion; (3)  O'Shell

10  failed to show that he requested new counsel or attempted to revoke his purported time waivers; and,

11  (4) O'Shell failed to show that his trial counsel's decisions to waive time for and request a

12  continuance of the probable cause hearing fell outside counsel's general authority to control all

13  decisions affecting trial tactics and court proceedings.  (Lodgments 4, 6, 8.)    The California

14  Supreme Court's summary denial of O'Shell's habeas petition means it adopted the reasoning of the

15  lower courts.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 804-05, 111 S. Ct. 2590, 115 L. Ed. 2d 706

16  & n. 3 (1991) (presumption higher court agrees with lower court's reasoning where former affirms

17  latter without discussion); *see also Lajoie v. Thompson*, 217 F.3d 663, 669 n. 7 (9th Cir. 2000)

18  (holding federal courts look to last reasoned state court opinion in determining whether state court's

19  rejection of petitioner's claims was contrary to or unreasonable application of federal law under 28

20  U.S.C. § 2254(d)(1)).  O'Shell has failed to meet his burden on federal habeas corpus to show that

21  the decisions by the state courts in denying his claims on habeas corpus were contrary to, or an

22  unreasonable determination of established United States Supreme Court precedent.  Accordingly,

23  O'Shell is not entitled to federal habeas relief as to any of the claims contained in his First Amended

24  Petition. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. at 403, 412-13.

25                                              **VI.**

26                                  **EVIDENTIARY HEARING**

27     O'Shell has not requested, and he is not entitled to, an evidentiary hearing to resolve any of his

28  pending claims.  His claims are based on the state court record and were all reasonably denied on

08CV0436

8

1  the merits by the California courts. Any failure to develop the factual predicate for his claims cannot

2  be excused because he cannot show that: (1) the claims are predicated on a new rule of law with

3  retroactive application; or (2) the factual predicate for any of his claims could not have been

4  discovered earlier with due diligence; and (3) by clear and convincing evidence no reasonable fact

5  finder would find him guilty but for the claimed error.  28 U.S.C. § 2254(e).

6  **VII.**

7  **LODGMENTS**

8  Counsel for Respondent has lodged all the all the transcripts, briefs, and opinions in

9  counsel's possession that are required by  28 U.S.C. foll. § 2254, Rule 5(c) and (d).   Respondent

10  incorporates  the lodgements into this Answer.

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

08CV0436

9

**VIII.**

**CONCLUSION**

Respondent incorporates by references the Memorandum of Points and Authorities filed in support of his Answer. Except as expressly admitted in this Answer, Respondent denies each and every allegation in O'Shell's pending First Amended Petition.  Respondent denies O'Shell's claim of any violation of his constitutional rights, affirmatively alleges that the judgment of conviction did not result from any violation of his federal constitutional rights, and alleges that the absence of any violation of the federal Constitution compels denial of federal habeas corpus relief.

Dated:  July 24, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

KEVIN VIENNA
Supervising Deputy Attorney General


s/Anthony Da Silva
ANTHONY DA SILVA
Deputy Attorney General

Attorneys for Respondent

ASD:jr

80262831.wpd
SD2008801116

10

08CV0436

1

# TABLE OF CONTENTS

2

|  |  | **Page** |
|---|---|---|
| **I.** | **FACTUAL AND PROCEDURAL AVERMENTS** | 2 |
| **II.** | **STANDARD OF REVIEW** | 5 |
| **III.** | **STATUTE OF LIMITATIONS, EXHAUSTION, PROCEDURAL BARS** | 7 |
| **IV.** | **ABSTENTION** | 7 |
| **V.** | **CLAIMS** | 7 |
| **VI.** | **EVIDENTIARY HEARING** | 8 |
| **VII.** | **LODGMENTS** | 9 |
| **VIII.** | **CONCLUSION** | 10 |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08CV0436

1

## TABLE OF AUTHORITIES

2                                                                                                          **Page**

3  **Cases**

4
5    *Kesser v. Cambra*
   465 F.3d 351(9th Cir. 2006)                                                                          6

6    *Coleman v. Mayberg*
   2005 WL 1876061, *4
7    2005 U.S. Dist. LEXIS 44142, *13 (N.D. Cal. Aug. 8, 2005)                                          7

8    *Delta Dental Plan of Calif. Inc. v. Mendoza*
   139 F.3d 1289 (9th Cir. 1998)                                                                        7

9
   *Early v. Packer*
10   537 U.S. 3
   123 S. Ct. 362
11   154 L. Ed. 2d 263 (2002)                                                                           6

12   *Gibson v. Berryhill*
   411 U.S. 564
13   93 S. Ct. 1689
   36 L. Ed. 2d 488 (1973)                                                                             7
14
   *Hirsh v. Justices of the Supreme Court of the State of California*
15    67 F.3d 708 (9th Cir. 1995)                                                                       7

16   *Houston v. Lack*
   487 U.S. 266
17   108 S. Ct. 2379
   101 L. Ed. 2d 245 (1988)                                                                            3
18
   *Huizar v. Carey*
19   273 F.3d 1220 (9th Cir. 2001)                                                                      3

20   *Kesser v. Cambra*
   465 F.3d 351(9th Cir. 2006)                                                                          6
21
   *Lajoie v. Thompson*
22   217 F.3d 663 (9th Cir. 2000)                                                                       8

23   *Langford v. Day*
   110 F.3d 1380 (9th Cir. 1997)                                                                        6
24
   *Lockyer v. Andrade*
25   538 U.S. 63
   123 S. Ct. 1166
26   155 L. Ed. 2d 144 (2003)                                                                           5, 6

27

28

08CV0436

**TABLE OF AUTHORITIES  (continued)**

1

                                                                        **Page**

2

*Miller-El v. Cockrell*
537 U.S. 322
123 S. Ct. 1029
154 L. Ed. 2d 931 (2003) .......................................................... 6

3

4

*Purkett v. Elem*
514 U.S. 765
115 S. Ct. 1769
131 L. Ed. 2d 834 (1995) .......................................................... 6

5

6

7

*Taylor v. Maddox*
366 F.3d 992 (9th Cir. 2004) ................................................... 6

8

9

*Thompson v. Keohane*
516 U.S. 99
116 S. Ct. 457
133 L. Ed. 2d 383 (1995) .......................................................... 6

10

11

*Williams v. Taylor*
529 U.S. 362
120 S. Ct. 1495
146 L. Ed. 2d 389 (2000) ..................................................... 5, 6, 8

12

13

14

*Woodford v. Garceau*
538 U.S. 202
123 S. Ct. 1398
155 L. Ed. 2d 363 (2003) .......................................................... 5

15

16

*Ylst v. Nunnemaker*
501 U.S. 797
111 S. Ct. 2590
115 L. Ed. 2d 706 (1991) .......................................................... 8

17

18

19

*Younger v. Harris*
401 U.S. 37
91 S. Ct. 746
27 L. Ed. 2d 669 (1971) .......................................................... 7

20

21

22

**Constitutional Provisions**

23

United States Constitution

Fourteenth Amendment .......................................................... 4

24

25

26

27

28

08CV0436

iii

**TABLE OF AUTHORITIES  (continued)**

Page

**Statutes**

Antiterrorism and Effective Death Penalty Act ("AEDPA")
Pub. L. No. 104-132,  110 Stat. 1214 (1996)                                    5

California Penal Code
    § 288.5(a)                                                                 2
    § 667.6(a)                                                                 2
    § 8596                                                                     4
    § 12022.3(a)                                                              2

California Welfare and Institution Code
    §§ 6600-6604                                                               2

California Welfare and Institutions Code
    § 6600                                                                     2
    § 6601.5                                                                3, 4, 7
    § 6602                                                                     2

Title 28 United States Code
    § 2244(d)(1)(A)                                                            7
    § 2254                                                                   1, 5
    § 2254(d)(1)                                                           5, 6, 8
    § 2254(d)(2)                                                            5, 6
    § 2254(e)                                                                  9
    § 2254(e)(1)                                                              6

**Court Rules**

Federal Rules of Court
    rule 5                                                                     1
    rule 5 (c)                                                                 9
    rule 5 (d)

08CV0436

iv

## CERTIFICATE OF SERVICE BY U.S. MAIL

Case Name:   **DAVID O'SHELL v. STEVEN MAYBERG, Warden**

No.:   **08CV0436 J (NLS)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 25, 2008**, I served the following documents:
**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS; NOTICE OF LODGMENT IN 28 U.S.C. § 2254 HABEAS CORPUS CASE-TO BE SENT TO CLERK'S OFFICE**
by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA  92186-5266, addressed as follows:

**David O'Shell**
CO-000761-7
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210
In Pro Per

## Electronic Mail Notice List
I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case:  **NONE**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 25, 2008**, at San Diego, California.

| | |
|---|---|
| Jena Ray | |
| Declarant | Signature |

SD2008801116
80263804.wpd