1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  ANTHONY DA SILVA, State Bar No. 159330
   Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone:  (619) 645-2608
     Fax:  (619) 645-2271
9    Email:  Anthony.DaSilva@doj.ca.gov

10 Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14 | **DAVID O'SHELL,** | 08CV0436 J (NLS) |

15 | Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN** |

16 | **v.** | **SUPPORT OF ANSWER TO PETITION FOR WRIT OF** |

17 | **STEVEN MAYBERG, Warden,** | **HABEAS CORPUS** |

18 | Respondent. |

19

20

21

22

23

24

25

26

27

28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  ANTHONY DA SILVA, State Bar No. 159330
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone:  (619) 645-2608
    Fax:  (619) 645-2271
9   Email:  Anthony.DaSilva@doj.ca.gov

10 Attorneys for Respondent

11            IN THE UNITED STATES DISTRICT COURT

12          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14 **DAVID O'SHELL,**                          08CV0436 J (NLS)

15                          Petitioner,         **MEMORANDUM OF POINTS
                                                AND AUTHORITIES IN
16      **v.**                                  SUPPORT OF ANSWER TO
                                                PETITION FOR WRIT OF
17 **STEVEN MAYBERG, Warden,**                  HABEAS CORPUS**

18                          Respondent.

19

20                      **INTRODUCTION**

21         Petitioner David O'Shell ("O'Shell) is in Respondent's custody on a civil petition, in San

22 Diego County Superior Court Case No. MH 100473, after a jury found he was a sexually violent

23 predator ("SVP") within the meaning of California Welfare and Institution Code sections 6600-

24 6604.  (Lodgment 1 - Clerk's Transcript ("CT") at 159.)  O'Shell is currently challenging his

25 commitment on appeal in California Court of Appeal, Fourth Appellate District, Division One, Case

26 No. D052192.  (Lodgment 11.)

27         O'Shell filed a First Amended Petition ("Petition") in this Court where he claims that his

28 right to due process and Constitutional rights were violated because: (1) he did not have a probable

1   cause hearing within ten days as required by California Welfare and Institutions Code section 6601.5

2   because the SVP  petition was filed on November 16, 2006 and he did not appear in court until

3   December 1, 2006 (Pet. at 6 - Ground One); (2) at his appearance on December 1, 2006, he did not

4   consent to waive statutory time  and the court set the case for a status conference on January 12,

5   2007 (Pet. at 7 - Ground Two); (3) at the status conference on January 12, 2007, he did not consent

6   to waive statutory time and the court calendared a probable cause hearing on April 25, 2007, which

7   was changed to April 24, 2007 (Pet. at 8 - Ground Three).

8          Because O'Shell's challenge to his SVP commitment is ongoing in the California Court

9   of Appeal, this Court should abstain and dismiss the Petition.  In addition, O'Shell's claims were

10  raised in state habeas corpus petitions that were denied on the merits by the superior court and state

11  appellate court in reasoned decisions.  (Lodgments 4, 6, 8.)  O'Shell is not entitled to federal habeas

12  corpus relief because he has failed to meet his burden of showing that the state courts's denial of his

13  claims was contrary to, or an unreasonable application of established United States Supreme Court

14  precedent, or was based upon an unreasonable determination of the facts in light of the evidence

15  presented in the state court, as required by the Antiterrorism and Effective Death Penalty Act of

16  1996.  28 U.S.C. § 2254(d);  *Williams v. Taylor*, 529 U.S. 362, 403, 412-13, 120 S. Ct. 1495, 146

17  L. Ed. 2d 389 (2000).

18                                          **ARGUMENT**

19                                              **I.**

20          **THIS COURT SHOULD DISMISS THE PETITION BECAUSE
21          O'SHELL'S CHALLENGE TO HIS SVP COMMITMENT IS
            CURRENTLY PENDING IN STATE COURT**

22          On June 27, 2008, O'Shell filed a direct appeal challenging his SVP commitment in

23  California Court of Appeal, Fourth Appellate District, Division One, Case No. D052192.

24  (Lodgment 11 at 2.)   Federal courts generally may not enjoin ongoing state criminal proceedings.

25  *Younger v. Harris*, 401 U.S. 37, 49-53, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (*Younger* abstention

26  doctrine); *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 712 (9th

27  Cir. 1995).  This abstention principle has been applied to collateral attacks on state convictions.

28  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489, 93 S. Ct. 1123, 35 L. Ed. 2d

08CV0436

443 (1973). This rule has also been extended to the civil context. *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992); *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 106 S. Ct. 2718, 91 L. Ed. 2d 512 (1986). Importantly, the abstention doctrine applies where the state action is civil in nature, such as in the case of a Sexual Violent Predator proceeding. *Coleman v. Mayberg*, 2005 WL 1876061, *4, 2005 U.S. Dist. LEXIS 44142, *13 (N.D. Cal. Aug. 8, 2005) ("*Younger* applies to the pending SVPA civil commitment proceedings").

*Younger* abstention applies if the state proceeding is: (1) currently pending; (2) involves an important state interest; and, (3) affords the petitioner an adequate opportunity to raise constitutional claims. *See Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. at 432. Here, O'Shell's direct appeal is currently pending. (Lodgment 11 at 2.) California has an interest that potentially dangerous sexually violent predators not be released. The direct appeal process affords O'Shell, through counsel, to raise his constitutional claims.

In this case, *Younger* requires dismissal of the petition, and a stay is not a proper option. *See, e.g.*, *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S. Ct. 1689, 36 L. Ed. 2d 488 (1973) ("*Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts"); *Delta Dental Plan of Calif. Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998) ("When a case is one in which the *Younger* doctrine applies, the district court has no discretion, it must dismiss"); *Coleman v. Mayberg*, 2005 WL 1876061, *4, 2005 U.S. Dist. LEXIS 44142, *13 (dismissing petition without prejudice to refiling after SVPA commitment proceedings, including appeal, are completed). Accordingly, O'Shell's Petition must be dismissed

## II.

**O'SHELL'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED BY ANY DELAY IN HAS ARRAIGNMENT**.

O'Shell claims that his right to due process and Constitutional rights were violated because he was not arraigned within ten days as required by California Welfare and Institutions Code section 6601.5 since the SVP petition was filed on November 16, 2006, and he did not appear

08CV0436

1  in court until December 1, 2006 (Pet. at 6 - Ground One)  The superior court and state appellate

2  court properly denied O'Shell's claim on habeas corpus because he was in custody on his underlying

3  felony conviction prior to the filing of the SVP petition and he failed to show any prejudice or any

4  reason why the claimed delay for the probable cause hearing caused him any detriment or loss of

5  his due process or other Constitutional rights.  (Lodgment 4 at 2-3; Lodgment 6.)  O'Shell is not

6  entitled to federal habeas corpus relief because he has not met his burden of demonstrating that the

7  decisions by the state courts denying this claim on habeas corpus were neither contrary to, nor an

8  unreasonable application of established United States Supreme Court precedent, and were not based

9  upon an unreasonable determination of the facts in light of the evidence presented in the State courts.

10  28 U.S.C. § 2254(d);  *Williams v. Taylor*, 529 U.S. at 403, 412-13.

11      **A.  California's Sexually Violent Predator Act**

12        California's Sexually Violent Predator's Act ("SVPA"), California Welfare and Institution

13  Code § 6600, et seq., establishes procedures whereby a person previously convicted of a "sexually

14  violent" offense against two or more victims and who has a "diagnosed mental disorder that makes

15  the person a danger to the health and safety of others" may be civilly committed.  *See Hydrick v.*

16  *Hunter*, 500 F.3d 978, 983 (9th Cir. 2007.)  On November 7, 2006, California voters passed

17  Proposition 83 (also known as "Jessica's Law"), amending the SVPA effective November 8, 2006.

18  Pursuant to Proposition 83, former California Welfare and Institution Code § 6604 was amended to

19  eliminate a two-year term provision and provided for an indeterminate term of confinement, subject

20  to the SVP's right to petition for release.  *People v. Shields*, 155 Cal. App. 4th 559, 562, 65 Cal.

21  Rptr. 3d 922, 924 (2007).

22        Following the filing of a petition for a determination that an individual is a SVP, the

23  Superior Court must hold a hearing to determine whether there is probable cause to believe that the

24  person is likely to engage in sexually violent predatory criminal behavior upon release from prison.

25  California Welfare and Institution Code § 6602(a); *Hubbart v. Superior Court*, 19 Cal. 4th 1138,

26  1146-47, 81 Cal. Rptr. 2d 492, 497, 969 P.2d 584 (1999).  The probable cause hearing is mandatory

27  (Cal. Welf & Inst. Code § 6602(a)) and must begin within ten calendar days from the detention

28

4

08CV0436

order.  California Welfare and Institution Code § 6601.5[1/]; *see Cooley v. Superior Court*, 29 Cal. 4th 228,  244-45, 127 Cal. Rptr. 2d 177, 189, 57 P.3d 654 (2002).  A probable cause hearing may be continued by a showing of good cause.  California Welfare and Institution Code § 6602(b).  Notably, "there is no statutory outside time limit within which a probable cause hearing must be held after the filing of the petition: 'Unfortunately, the [SPVA] does not specify a time frame . . . for conducting the probable cause hearing . . . [Citation.].'" *People v. Hayes*, 137 Cal. App. 4th 34, 43, 39 Cal. Rptr. 3d 747, 750 (2006).

If the court finds probable cause, the alleged predator  must be detained in a "secure facility" pending a jury trial to determine whether he is a SVP within the meaning of the SVPA. California Welfare and Institution Code § 6602(a); *Hubbart v. Superior Court*, 19 Cal. 4th at 1146-47, 81 Cal. Rptr. 2d at 497.  After a trial at which the defendant is determined to be a SVP, the defendant is committed to the custody of the California Department of Mental Health for an indefinite term.  California Welfare and Institution Code § 6604;  *Hubbart v. Superior Court*, 19 Cal. 4th at 1147, 81 Cal. Rptr. 2d at 498; *Hydrick v. Hunter*, 500 F.3d at 983.

The SVPA is "designed to ensure that the committed person does not 'remain confined any longer than he suffers from a mental abnormality rendering him unable to control his dangerousness.' [Citation.]" *Hubbart v. Superior Court*, 19 Cal. 4th at 1177, 81 Cal. Rptr. 2d at 517. The SVPA provides two ways that a defendant can obtain review of his or her current mental condition to determine if civil confinement is still necessary: (1) section 6608 permits a defendant to petition for conditional release to a community treatment program; and, (2) section 6605 requires

---

1. Welfare and Institutions Code section 6601.5 (Stats. 2000, ch. 41, §2, pp. 102-03, eff. Jun. 26, 2000),  reads:

Upon filing of the petition and a request for review under this section, a judge of the superior court shall review the petition and determine whether the petition states or contains sufficient facts that, if true, would constitute probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release.  If the judge determines that the petition, on its face, supports a finding of probable cause, the judge shall order that the person be detained in a secure facility until a hearing can be completed pursuant to section 6602.  The probable cause hearing proved for in section 6602 shall commence within 10 calendar days of the date of the order issued by the judge pursuant to this section.

1    an annual review of the defendant's mental status that may lead to an unconditional release. *People*

2    *v. Cheek*, 25 Cal. 4th 894, 898, 108 Cal. Rptr. 2d 181, 184; 24 P.3d 1204 (2001); *People v. McKee*,

3    160 Cal. App. 4th 1517, 1526, 73 Cal. Rptr. 3d 661, 685 (2008).

4    **B.    Applicable Federal Law**

5    "'[T]he Due Process Clause contains a substantive component that bars certain arbitrary,

6    wrongful government actions "regardless of the fairness of the procedures used to implement

7    them.'" [Citations.]   Freedom from bodily restraint has always been at the core of the liberty

8    protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504

9    U.S. 71, 80, 112 S. Ct. 1780, 118 L. Ed. 2d 437 (1992).   That liberty interest, however, is not

10   absolute.   *Kansas v. Hendricks*, 521 U.S. 346, 356, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997).

11   Under certain circumstances, States have "provided for the forcible civil detainment of people who

12   are unable to control their behavior and who thereby pose a danger to the public health and safety."

13   *Hendricks*, 521 U.S. at 356-57.

14   It is clear that the full panoply of rights afforded to criminal defendants under the

15   Constitution are not applicable to SVPA defendants because the SVPA is civil in nature.  *See*, *e.g.*,

16   *Allen v. Illinois*, 478 U.S. 364, 371-72, 106 S. Ct. 2988, 92 L. Ed. 2d 296 (1986) (Fifth Amendment

17   guarantee against compulsory self-incrimination inapplicable to commitment proceedings under

18   Illinois' Sexually Dangerous Persons Act because commitment proceedings were regulatory and not

19   criminal in nature); *United States v. Perry*, 788 F.2d 100, 118 (3rd Cir. 1986) ("The speedy trial

20   clause deals with the timeliness of criminal prosecutions, not civil commitment proceedings."); *see*

21   *generally United States v. Burdell*, 187 F.3d 1137, 1141 (9th Cir. 1999) (noting that because a

22   commitment hearing is civil in matter, the constitutional rights to which a defendant in a criminal

23   trial is entitled to do not adhere to a respondent in a commitment hearing).   The United States

24   Supreme Court has not specifically applied a Sixth Amendment speedy trial right to claims by

25   detainees awaiting civil commitment hearings pursuant to acts such as California's SVPA.   The

26   constitutional right to a speedy trial applies only to criminal prosecutions.  The Sixth Amendment

27   states that in "all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ."

28   U.S. Const. amend. VI.  This right is applicable to the states through the due process clause of the

1   Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 221-26, 87 S. Ct. 988, 18 L. Ed.

2   2d 1 (1967); *Barker v. Wingo*, 407 U.S. 514, 515, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

3          The California Supreme Court has recognized that, "[b]ecause civil commitment involves

4   a significant deprivation of liberty, a defendant in a SVP proceeding is entitled to due process

5   protections." *People v. Otto*, 26 Cal. 4th 200, 209, 109 Cal. Rptr. 2d 327, 334, 26 P.3d 1061 (2001).

6   "It is clear that 'commitment for any purpose constitutes a significant deprivation of liberty that

7   requires due process protection.' [Citation.] Therefore, a State must have 'a constitutionally

8   adequate purpose for the confinement.' [Citation.]" *Jones v. United States*, 463 U.S. 354, 361, 103

9   S. Ct. 3043, 77 L. Ed. 2d 694 (1983).  "The Due Process Clause 'requires that the nature and

10  duration of commitment bear some reasonable relation to the purpose for which the individual is

11  committed.' [Citation.]" *Id.* at 368. Even if an involuntary confinement was initially permissible

12  because it was founded on a constitutionally adequate basis, it cannot constitutionally continue after

13  that basis no longer exists.  *O'Connor v. Donaldson*, 422 U.S. 563, 574-75, 95 S. Ct. 2486, 45 L.

14  Ed. 2d 396 (1975); *Foucha v. Louisiana*, 504 U.S. at 77 (the committed person "may be held as long

15  as he is both mentally ill and dangerous, but no longer").

16      **C.   Analysis of O'Shell's Claim**

17          As on state habeas corpus, O'Shell claims that his right to due process was violated

18  because the probable cause hearing did not commence within ten days after the date on which the

19  judge signed the order to produce him in court on November 16, 2006.  O'Shell notes in his Petition

20  that his initial appearance in court was on December 1, 2007, which was fifteen days after the SVP

21  petition was filed.  (First Amended Petition at  6, Ground One; *see also* Lodgment 4 at 2.)

22          O'Shell does not cite, and counsel for Respondent is not aware of, any United States

23  Supreme Court precedent holding that applies a Sixth Amendment speedy trial right to claims by

24  detainees awaiting civil commitment hearings pursuant to acts such as California's SVPA.  Where

25  the Supreme Court has not addressed an issue in its holding, a state court adjudication on the issue

26  cannot be contrary to, or an unreasonable application of, clearly established federal law.  *Kane v.*

27  *Espitia*, 546 U.S. 9, 9, 126 S. Ct. 407, 163 L. Ed. 2d 10 (2006).  Accordingly, he is not entitled to

28  federal habeas corpus relief.

08CV0436

1    Prior to the passage of Proposition 83 on November 7, 2006, if a defendant's parole was

2    about to expire before a probable cause hearing could be held, the State could request an "urgency

3    review" under California Welfare and Institution Code § 6601.5.  The trial court then had to

4    determine whether the SVP petition, on its face, would support a finding of probable cause to

5    believe the defendant was likely to engage in sexually violent predatory criminal behavior upon the

6    defendant's release.  If the trial court made a preliminary finding of probable cause, it had to order

7    the defendant detained until a probable cause hearing could be held.  In that event, the probable

8    cause hearing had to begin not more than ten days later.  *See People v. Badura*, 95 Cal. App. 4th

9    1218, 1222, 116 Cal. Rptr. 2d 336, 339-340 (2002), citing former California Welfare and Institution

10   Code § 6601.5, Stats. 1998, ch. 19, § 2.  After the passage of Proposition 83, that code section is

11   essentially identical, except it allows the State to request such a review in all cases, not just when

12   a defendant's parole is about to expire (requiring an "urgency review").  *People v. Badura*, 95 Cal.

13   App. 4th at 1222-23, 116 Cal. Rptr. 2d at 340.  The legislative history of the SVPA explained that,

14   "The purpose behind requiring that a SVP petition be filed while an inmate is in custody is twofold:

15   public protection and ensuring treatment to the dangerous mentally ill . . . ." *Badura*, 95 Cal. App.

16   4th at 1225, 116 Cal. Rptr. 2d at 342.

17   As previously discussed, on November 16, 2006, the SVP petition was filed and an order

18   was signed to produce O'Shell for "arraignment" on the petition on December 1, 2006.  ((Lodgment

19   1 - CT at 1-63.)  On December 1, 2006, O'Shell appeared with counsel in the San Diego County

20   Superior Court, denied the allegations in the SVP petition, and on his own motion a status

21   conference was set for January 12, 2007.  (Petition - Exhibit "C" at 2; Lodgment 1 - CT at 139.)

22   O'Shell's probable cause hearing did not begin within ten calendar days from date that the

23   superior court judge signed the detention order.  But as previously discussed, the SVPA does not

24   specify a time frame for conducting the probable cause hearing.  *People v. Hayes*, 137 Cal. App. 4th

25   at 43, 39 Cal. Rptr. 3d at 750.  This was not a case where O'Shell was on parole that was about to

26   expire.  The SVPA does require a defendant to be in custody, pursuant to a determinate prison term,

27   a parole revocation term, or a 45-day evaluation hold when the initial SVP petition is filed.

28   California Welfare and Institution Code § 6601(a)(2).  At the time the SVP petition was filed,

08CV0436

8

1  O'Shell was in custody at the California State Prison at Solano serving his 21-year sentence.

2  (Lodgment 1 - CT at 5, 63.)   Accordingly, a probable cause hearing within ten days under § 6601.5

3  was not necessary.  *See People v. Badura*, 95 Cal. App. 4th at 1225-26, 116 Cal. Rptr. 2d at 342

4  (rejecting a defendant's claim that an SVP petition had to be dismissed  and he had to be released

5  from custody because his  probable cause hearing was held three days after his scheduled released

6  date); *see also People v. Talhelm*, 85 Cal. App. 4th 405, 406-08, 102 Cal. Rptr. 2d 150, 154-55

7  (2000) (rejecting a defendant's claim that his right to procedural due process was violated because

8  the SVPA proceedings were not completed prior to his scheduled release date).   The superior court

9  properly denied O'Shell's petition on this basis as follows:

10      As noted, and as verified from the court file in MH 100473, as the time the Petition for
        Involuntary Treatment was filed, [O'Shell] was incarcerated at the Solano State Prison.
11      Thus, he is, and has been, "detained" at least since 1996 on this particular case.

12  (Lodgment 4 at 3.)

13      In *Barker v. Wingo*, the United States Supreme Court specified four factors to be

14  considered in determining whether a defendant's right to a speedy trial under the Sixth Amendment

15  had been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's

16  assertion of the right; and (4) prejudice to the defendant.  *Barker v. Wingo*, 407 U.S. at 530.

17  Although the right to a speedy trial applies only to criminal prosecutions, the United States Supreme

18  Court in *United States v. Eight Thousand Eight Hundred and Fifth Dollars ($8,850) in U.S.*

19  *Currency*, 461 U.S. 555, 103 S. Ct. 2005, 76 L. Ed. 2d 143(1983), considered whether the four-

20  factor balancing test developed in *Barker* was the appropriate analysis to use in evaluating claims

21  that a delay in filing civil forfeiture proceedings violated the constitutional guarantee of due process.

22  *Id.* at 556.  In that case, the government had delayed 18 months in filing a civil proceeding for

23  forfeiture of the currency seized by U.S. Customs officials as the claimant had passed through

24  airport customs.  *Ibid.*  After applying the *Barker* factors to the circumstances of that case, the

25  Supreme Court concluded that the post-seizure delay of 18 months, although a "substantial period

26  of time," did not violate due process (*Id.* at 569-70) and implicitly had not "become so prolonged

27  that the dispossessed property owner ha[d] been deprived of a meaningful hearing at a meaningful

28  time." *Id.* at 563.  Case law relating to speedy civil commitment trial rights is sparse.  But case law

9

08CV0436

1    relating to civil commitment trial rights is sparse.   The law surrounding speedy trial rights in the

2    criminal trial context may be instructive in analyzing O'Shell's claim.  *See Atwood v. Vilsack,* 338

3    F. Supp. 2d 985, 994 (S.D. Iowa 2004) (applying Sixth Amendment speedy trial right law to analyze

4    denial of a speedy justice claim by pretrial detainees awaiting civil commitment hearings pursuant

5    to Iowa's Sexually Violent Predator Act).

6         The first *Barker* factor is the length of the delay, which entails a dual inquiry.  First, as a

7    threshold matter, only if the delay is "presumptively prejudicial" will a court inquire into the

8    remaining *Barker* factors.  *Barker*, 407 U.S. at 530.  Second, "if the accused makes this showing,

9    the court must then consider, as one factor among several, the extent to which the delay stretches

10   beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett v. United*

11   *States*, 505 U.S. 647, 652, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992).  Depending on the nature of

12   the charges, lower courts have generally found post-accusation delay presumptively prejudicial as

13   it approaches one year.  *Doggett*, 505 U.S. at 652 n.1; *McNeely v. Blanas*, 336 F.3d 822, 826 (9th

14   Cir. 2003) (three year delay presumptively prejudicial);  *United States v. Gregory*, 322 F.3d 1157,

15   1162 (9th Cir. 2003) (22-month delay between first superseding indictment and trial date was

16   presumptively prejudicial but did not weigh heavily in defendant's favor because it was not

17   excessively long).  In *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004), the Ninth Circuit concluded

18   that a year-long confinement of a civil detainee who has held in the general criminal population of

19   a county jail pending commitment under California's SVPA created a rebuttable presumption that

20   the confinement was punitive in violate of substantive due process.  *Id*. at 934-35.

21        In denying O'Shell's state habeas petition, the superior court properly concluded that

22   "[O'Shell] has failed to show any prejudice or reason why this delay has caused him any detriment

23   or loss of due process rights." (Lodgment 4 at 3.)   O'Shell's complaint that his initial court

24   appearance was five days after the 10 day period upon which the probable cause hearing should have

25   commenced under California Welfare and Institutions Code section 6601.5 (Pet. at 6 - Ground One)

26   does not show any presumptive prejudice under the first *Barker* factor.  The slightly over five month

27   delay (159 day) delay between November 16, 2006, when the SVP petition was filed and the

28   superior court judge ordered that O'Shell be produced from state prison to court (Lodgment 1 - CT

08CV0436

at 1-63), and April 24, 2007, when his probable cause hearing was held (Lodgment 1 - CT at 143; Lodgment 3 - RT at 1-107), also does not fall within the one-year period that the United States Supreme Court and the Ninth Circuit have found to be a presumptively prejudicial delay under the first *Barker* factor.

Because the delay claimed by O'Shell is not "presumptively prejudicial," this Court need not inquire into the remaining *Barker* factors. *Barker*, 407 U.S. at 530. But the remaining factors do not assist O'Shell's claim. The second *Barker* factor is reasons for the delay. *Barker v. Wingo*, 407 U.S. at 530. At his initial appearance on December 1, 2006, on O'Shell's own motion a status conference was set for January 12, 2007, because his assigned counsel, Deputy Public Defender Dalen Duong was in trial. (Petition - Exhibit "C" at 2; Lodgment 1 - CT at 139.) On January 12, 2007, O'Shell and his attorney, Deputy Public Defender Dalen Duong, were present in court. The probable cause hearing pursuant to Welfare and Institutions Code § 6602 was set for April 25, 2007. (Lodgment 1 - CT at 140.) On March 29, 2007, by stipulation of counsel the date of the probable cause hearing  was changed to April 24, 2007. (Lodgment 1 - CT at 141.) Presumably, these matters were continued to allow O'Shell's counsel to prepare for the probable cause hearing. A probable cause hearing is a full adversarial evidentiary hearing. *People v. Butler*, 68 Cal. App. 4th 421, 432-35, 80 Cal. Rptr. 2d 357, 364-66 (1998); *In re Parker*, 60 Cal. App. 4th 1453, 1466-70, 71 Cal. Rptr. 2d 167, 176-79 (1998). When two psychologists or psychiatrists agree, based on standardized assessment protocol, that a prisoner is a sexually violent predator, the district attorney may file an initial commitment petition. California Welfare and Institution Code § 6601(c),(d),(h),(i); *see also People v. Badura*, 95 Cal. App. 4th at 1222, 116 Cal. Rptr. 2d at 339. In O'Shell's case, assessments by consulting psychologist Jeremy Coles, Ph.D and clinical psychologist Thomas R. MacSpeiden, Ph.D., supported the SVP petition. (Lodgment 1 - CT at 10-60.)   Doctors Coles and MacSpeiden were examined by O'Shell's counsel, Dalen Duong, at the probable cause hearing. (Lodgment 3 - RT at 7-58, 73-75, 77-96.)

The third *Barker* factor is defendant's assertion of the speedy trial right. *Barker v. Wingo*, 407 U.S. at 530. The record shows that O'Shell failed to assert any due process violation because of any delay when he initially appeared in court and denied the allegations in the SVP petition on

08CV0436

December 1, 2006. (Petition - Exhibit "C" at 2-3; Lodgment 1 - CT at 139.)  In his declaration in support of the instant Petition, O'Shell declares that he did not personally waive, or authorize his counsel to make any time waive, and that the superior court did not ask him to waive,  the 10 day period noted in California Welfare and Institution Code § 6601.5.  (Petition, Exhibit "C" at 2.)  But O'Shell's "failure to assert the right will make it difficult for [him] to prove that he was denied a speedy trial."  *Barker v. Wingo*, 407 U.S. at 532.

The fourth *Barker* factor is prejudice.  *Barker v. Wingo*, 407 U.S. at 530.  Actual prejudice can be shown in three ways: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the accused's defense may be impaired.  *Doggett v. United States*, 505 U.S. at 654; *Barker v. Wingo*, 407 U.S. at 532.  "Of these, the most serious is the last, because the inability [of the accused] adequately to prepare his case skews the fairness of the entire system." *Id.*  In denying O'Shell's state habeas corpus petitions, both the superior court and the state appellate court noted that O'Shell had failed to show any prejudice or reason why the claimed delay was detrimental or caused any violation of his due process rights.  (Lodgment 4 at 4; Lodgment 6 at 2.)  O'Shell does not provide any evidence, including in his own declaration, pointing to any specific damage to his defense stemming from the delay in his probable cause hearing.

Based on the foregoing, the state courts properly concluded that O'Shell was responsible for the delay in his probable cause hearing and that he did not appropriately assert any speedy trial right or due process violation.  A review of the four *Barker* factors supports the decisions by the state courts in denying O'Shell's claims on state habeas corpus.   The record also shows that the California Legislature's twin concerns were met in this case: (1) that a defendant not be kept in custody beyond the defendant's release date without a showing of good cause; and, (2) that potentially dangerous sexually violent predators not be released.  *See People v. Badura*, *supra*, 95 Cal. App. 4th at 1226, 116 Cal. Rptr. 2d at 342.  In any event, because the United States Supreme Court has not specifically applied a Sixth Amendment speedy trial right to claims by detainees awaiting civil commitment hearings pursuant to acts such as California's SVPA, the state court's denial of O'Shell's claim cannot be contrary to, or an unreasonable application of, clearly established federal law.  *Kane v. Espitia*, 546 U.S. at 9.  Accordingly, he is not entitled to federal

1  habeas corpus relief as to this claim.  28 U.S.C. § 2254(d);  *Williams v. Taylor*, 529 U.S. at 403, 412-

2  13.

3                                              **III.**

4        **O'SHELL'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED BY
          CONTINUANCE OF THE PROBABLE CAUSE HEARING**

5

6        O'Shell contends that his right to due process and Constitutional rights were violated

7  because  did not consent to waive the ten day period for a probable cause hearing as required by

8  California Welfare and Institutions Code section 6601.5 either: (1) at his appearance on December

9  1, 2006 (Pet. at 7 - Ground Two); or, (2) at the status conference on January 12, 2007, where the

10 court calendared a probable cause hearing on April 25, 2007 (Pet. at 8 - Ground Three).  O'Shell is

11 not entitled to federal habeas corpus relief because he has not met his burden of demonstrating that

12 the decisions by the state courts denying this claim on habeas corpus were neither contrary to, nor

13 an unreasonable application of established United States Supreme Court precedent, and were not

14 based upon an unreasonable determination of the facts in light of the evidence presented in the State

15 courts.  28 U.S.C. § 2254(d);  *Williams v. Taylor*, 529 U.S. at 403, 412-13.

16    **A.   Factual and Procedural Background**

17        On December 1, 2006, at O'Shell appeared in superior court regarding a probable cause

18 hearing under California Welfare and Institution Code § 6602.  O'Shell was represented by Deputy

19 Public Defender Jane Kinsey because his assigned attorney, Deputy Public Defender Dalen Duong,

20 was in trial.  Attorney Kinsey proposed setting a status conference in January, and the probable

21 cause hearing in April of 2007.  (Petition - Exhibit "C" at 2.)   The prosecutor, Deputy District

22 Attorney Phyllis Shess, asked that a status conference be set on January 12, 2007, to allow attorney

23 Duong to clear his current trial calender and appear in this matter. (Petition - Exhibit "C" at 2.) The

24 following discussion occurred:

25        THE COURT:        There will be the arraignment now.  We'll set it for status on
                            trial and get formal dates.
26
          MS. KINSEY:       That's fine.
27
          THE COURT:        So go ahead, counsel, and arraign him.
28

08CV0436

13

| 1 | MS. KINSEY: | Your honor, Mr. O'Shell is on a [Cal. Welf. & Inst. Code §] |
| 2 | | 6600 petition.  He denies the petition at this time and requests probable cause for a jury trial. |
| 3 | THE COURT: | At this point, then, waive any time to have a probable cause hearing within a reasonable time so I can set it for status in |
| 4 | | January? |
| 5 | MS. KINSEY: | Yes. |
| 6 | THE COURT: | Note the time waiver.  Put the matter over until January. |
| 7 | THE CLERK: | Counsel, what date? |
| 8 | MS. KINSEY: | January 12th. |
| 9 | THE CLERK: | Status set for January 12th at 9:00 o'clock in Department 11. |
| 10 | MS. KINSEY: | Thank you. |

(Petition - Exhibit "C" at 2-3; Lodgment 1 - CT at 139.)

On January 12, 2007, O'Shell appeared in court for a status conference where he was represented by his counsel, Dalen Duong.  The probable cause hearing was set for April 24, 2007. (Lodgment 1 - CT at 140.)

**B.    State Court Review**

O'Shell presented this claim in his state habeas corpus petitions.  (*See* Lodgment Nos. 4, 5, 7, 9.)  The superior court denied this claim, stating that: "In fact, according to the Court's minutes, [O'Shell]] waived statutory time, and it appears that the Status Conference for January 12, 2007, was as a result of [O'Shell]'s own motion."  (Lodgment 4 at 3.)   The Court of Appeal initially denied this claim as follows:

O'Shell is improperly attempting to use habeas corpus as a vehicle to bypass a decision by his attorney of record not to file a motion to dismiss.  He has not shown that he requested new counsel or attempted to revoke his purported time waivers.  O'Shell has not provided copies of the relevant documents (the petition, a request for review under Welf. & Inst. Code, § 6601.5, the November 16, 2006 order, or any minute orders or transcripts).  The petition is denied.

(Lodgment 6 at 2.)

The Court of Appeal denied O'Shell's second habeas petition in that court as follows:

The petition is procedurally barred because it is repetitive, and [O'Shell] has not established an exception to the procedural bar.  (*In re Clark* (1993) 5 Cal.4th 750, 765, 767-768.)  The petition also fails to state a prima facie case for relief because [O'Shell]

14

08CV0436

has not established that his trial counsel's decisions to waive time for and request a continuance of the probable cause hearing fell outside counsel's general authority to control all decisions affecting trial tactics and court proceedings. (See, e.g., *Townsend v. Superior Court* (1975) 15 Cal.3d 774, 781.) The petition is denied.

(Lodgment 8 .)

The California Supreme Court denied the petition containing this claim without comment or citation. (Lodgment 10.)

**C.  Applicable Law and Analysis**

When a defendant chooses to be represented by counsel, the defendant is obligated to follow counsel's exercise of professional judgment and control of the defense. All strategic and tactical decisions other than the decisions to plead guilty, waive a jury and testify are the "exclusive province" of defense counsel and may not be overridden by a defendant without waiver of the right to counsel. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983); *Waiwright v. Sykes*, 433 U.S. 72, 93, n.1, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977) (Burger, C.J., concurring); *Henry v. Mississippi*, 379 U.S. 443, 85 S. Ct. 564, 13 L. Ed. 2d 408 (1965) (counsel's deliberate choice of strategy is binding on his client); *United States v. Wadsworth*, 830 F.2d 1500, 1509 (9th Cir. 1987) (trial tactics are clearly within realm of powers committed to the discretion of defense counsel); ABA Standards of Criminal Justice: Prosecution and Defense Function, Standard 4-5.2 (3d ed. 1993) (strategic and tactical decisions, such as what motions are to be made, ultimately are to be made by defense counsel, not by the defendant). In *Florida v. Nixon*, 543 U.S. 175, 187, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004), the Supreme Court explained that, although an attorney has a duty to consult with a client regarding "important decisions," including questions of overarching defense strategy, citing *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)), that obligation does not require the attorney to obtain the defendant's consent to "every tactical decision", citing *Taylor v. Illinois*, 484 U.S. 400, 417-18, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988) (an attorney has authority to manage most aspects of the defense without obtaining his client's approval).

A California SVP probable cause hearing may be continued by a showing of good cause. California Welfare and Institution Code § 6602(b); *see also* Cal. Penal Code § 1050(e)(continuance of criminal matters granted upon showing of good cause); Cal. R. Ct., rule 3.1332 (continuance of

08CV0436

1    trial on affirmative showing of good cause).  The unavailability of a party or trial counsel because

2    of death, illness, or other excusable circumstances may indicate good cause for a continuance.  Cal.

3    R. Ct., rule 3.1332(c)(2)&(3).  Other factors include whether counsel is engaged in another trial;

4    whether the parties have stipulated to a continuance;  and, whether the interests of justice are best

5    served by the continuance.  Cal. R. Ct., rule 3.1332(d)(8), (9) & (10).  A decision to grant a

6    continuance is within the sound discretion of the trial court.  *People v. Johnson*, 26 Cal. 3d 557, 570,

7    162 Cal. Rptr. 431, 439, 606 P.2d 738 (1980).  On the issue of consent, a defendant will be deemed

8    to have consented to a continuance when the defendant has failed to make an affirmative objection

9    to a further delay.  *Townsend v. Superior Court*, 15 Cal. 3d 774, 783, 126 Cal. Rptr. 251, 257-58,

10    543 P.2d 619 (1975).

11        As previously discussed,  O'Shell declares that he did not personally waive, or authorize

12    his counsel to make any time waive, and that the superior court did not ask him to waive,  the 10 day

13    period noted in California Welfare and Institution Code § 6601.5.  (Petition, Exhibit "C" at 2.)  But

14    he failed to make an affirmative objection to any further delay either at his initial appearance on

15    December 1, 2006, where his counsel Deputy Public Defender Jane Kinsey moved for a

16    continuance, or during his second appearance on January 12, 2007, where his counsel, Deputy

17    Public Defender Dalen Duong, requested a continuance (Petition - Exhibit "C" at 2-3; Lodgment

18    1 - CT at 139, 140), which the California courts properly deemed as him having consented to these

19    continuances.  *People v. Johnson*, 26 Cal. 3d at 570, 162 Cal. Rptr. at 439.  In denying this claim

20    on habeas corpus, the superior court properly noted that the court minutes reflected that O'Shell had

21    waived statutory time, and the continuance of the status conference was the result of his own motion.

22    (Lodgment 4 at 3.)    The state appellate court reasoned that O'Shell had "not shown that he

23    requested new counsel or attempted to revoke his purported time waivers." (Lodgment 6 at 2.)

24        The record indicates that O'Shell's counsels' decision to move for the continuances was

25    based on tactical decisions.  The first one was because his assigned trial counsel was in trial on

26    another matter (Petition - Exhibit "C" at 2; Lodgment 1 - CT at 139), which is good cause for a

27    continuance.  Cal. R. Ct., rule 3.1332(c)(3) & (d)(8).  The second continuance request presumably

28    was to allow his assigned defense counsel, Dalen Duong, to obtain the appearance and prepare for

08CV0436

16

1    the probable cause hearing the examination of Jeremy Coles, Ph.D., and Thomas MacSpeiden,

2    Ph.D., who provided the assessments to allow the prosecutor to file the SVP petition against O'Shell.

3    (Lodgment 1 - CT at 140; Lodgment 3 - RT at 7-58, 73-75, 77-96.)  This is also a showing of good

4    cause for the continuance. *See* Cal. R. Ct., rule 3.1332(c)(1) (unavailability of essential lay or expert

5    witness) & (d)(5) (prejudice parties or witnesses will suffer as result of the continuance).  It is

6    notable that the State stipulated to both continuance requests (Petition - Exhibit "C" at 2; Lodgment

7    1 - CT at 139, 140).  *See* Cal. R. Ct., rule 3.1332(d)(9).

8            The Court of Appeal correctly noted that O'Shell's failed to show "that his trial counsel's

9    decisions to waive time for and request a continuance of the probable cause hearing fell outside

10   counsel's general authority to control all decisions affecting trial tactics and court proceedings."

11   (Lodgment 8, citing *Townsend v. Superior Court* 15 Cal. 3d at 781, 126 Cal. Rptr. at 256.) O'Shell's

12   due process or other Constitutional rights were not violated because his counsel were not required

13   to obtain his consent to their tactical decisions to seek a continuance of his probable cause hearing.

14   *Florida v. Nixon*, 543 U.S. at 187; *Taylor v. Illinois*, 484 U.S. at 417-18.  Strategic choices, made

15   after consideration of the law and facts relevant to plausible options, are "virtually unchallengeable."

16   *Strickland v. Washington*, 466 U.S. at 690.  O'Shell's counsel's decisions to seek continuances were

17   not professionally unreasonable based on the situation that counsel faced at the time.  *See Nazarenus*

18   *v. United States*, 69 F.3d 1391, 1394 (8th Cir. 1995).  In any event, counsels' conduct did not

19   prejudice O'Shell's defense at the probable cause hearing or change the result of the proceeding.

20   *Strickland v. Washington*, 466 U.S. at 689-90;  *Sassounian v. Roe*, 230 F.3d 1097, 1108 (9th Cir.

21   2000), quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)

22   (petitioner only entitled to relief under 28 U.S.C. § 2254 if he shows "substantial and injurious effect

23   or influence in determining the jury's verdict.").  That is, "actual prejudice" must be present.  *Brecht*

24   *v. Abrahamson*, 507 U.S. at 637.

25           The state courts' determination of this issue was not contrary to, or an unreasonable

26   application of, clearly established United States Supreme Court precedent.  28 U.S.C. § 2254(d);

27   *Williams v. Taylor*, 529 U.S. at 403, 412-13.  It is clear from the record that any alleged error did

28   not have a substantial and injurious effect in determining the jury's verdict that O'Shell is a sexually

08CV0436

1  violent predator. *Brecht v. Abrahamson*, 507 U.S. at 623, 637.  Accordingly, O'Shell has failed to

2  meet his burden that he is entitled to federal habeas corpus relief as to this claim.

3                                    **CONCLUSION**

4          Based on the foregoing,  Respondent respectfully requests that O'Shell's Petition for Writ

5  of Habeas Corpus be dismissed, that all further proceedings be terminated, and that this Court deny

6  any request for a certificate of appealability

7          Dated:  July 24, 2008

8                                  Respectfully submitted,

9                                  EDMUND G. BROWN JR.
                                   Attorney General of the State of California

10                                 DANE R. GILLETTE
                                   Chief Assistant Attorney General

11                                 GARY W. SCHONS
                                   Senior Assistant Attorney General

12                                 KEVIN VIENNA
13                                 Supervising Deputy Attorney General

14

15                                 s/Anthony Da Silva
16                                 ANTHONY DA SILVA
                                   Deputy Attorney General

17                                 Attorneys for Respondent

18  ADS:jr
    80263008.wpd
19  SD2008801116

20

21

22

23

24

25

26

27

28

08CV0436

18

1

**TABLE OF CONTENTS**

2

**Page**

3    INTRODUCTION                                                                1

4    ARGUMENT                                                                    2

5    I.    THIS COURT SHOULD DISMISS THE PETITION BECAUSE
           O'SHELL'S CHALLENGE TO HIS SVP COMMITMENT IS
6          CURRENTLY PENDING IN STATE COURT                                      2

7    II.   O'SHELL'S    CONSTITUTIONAL    RIGHTS    WERE    NOT
           VIOLATED BY ANY DELAY IN HAS ARRAIGNMENT                              3

8
           A.   California's Sexually Violent Predator Act                       4
9
           B.   Applicable Federal Law                                          6
10
           C.   Analysis of O'Shell's Claim                                     7
11

12   III.  O'SHELL'S    CONSTITUTIONAL    RIGHTS    WERE    NOT
           VIOLATED BY CONTINUANCE OF THE PROBABLE CAUSE
13         HEARING                                                             13

           A.   Factual and Procedural Background                              13
14
           B.   State Court Review                                            14
15
           C.   Applicable Law and Analysis                                   15
16
     CONCLUSION                                                               18
17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Cases**

4  *Allen v. Illinois*
478 U.S. 364
5  106 S. Ct. 2988
92 L. Ed. 2d 296 (1986)  6
6

*Ankenbrandt v. Richards*
7  504 U.S. 689
112 S. Ct. 2206
8  119 L. Ed. 2d 468 (1992)  3

9  *Atwood v. Vilsack*
338 F. Supp. 2d 985 (S.D. Iowa 2004)  10
10

*Barker v. Wingo*
11  407 U.S. 514
92 S. Ct. 2182
12  33 L. Ed. 2d 101 (1972)  7, 9-12

13  *Braden v. 30th Judicial Circuit Court of Kentucky*
410 U.S. 484
14  93 S. Ct. 1123
35 L. Ed. 2d 443 (1973)  2
15

*Brecht v. Abrahamson*
16  507 U.S. 619
113 S. Ct. 1710
17  123 L. Ed. 2d 353 (1993)  17

18  *Coleman v. Mayberg*
2005 WL 1876061, *4
19  2005 U.S. Dist. LEXIS 44142, *13 (N.D. Cal. Aug. 8, 2005)  3

20  *Cooley v. Superior Court*
29 Cal. 4th 228
21  127 Cal. Rptr. 2d 177
189, 57 P.3d 654 (2002)  5
22

*Delta Dental Plan of Calif. Inc. v. Mendoza*
23  139 F.3d 1289 (9th Cir. 1998)  3

24  *Doggett v. United States*
505 U.S. 647
25  112 S. Ct. 2686
120 L. Ed. 2d 520 (1992)  10, 12

26

27

28

08CV0436

**TABLE OF AUTHORITIES  (continued)**

1

Page

2

*Florida v. Nixon*
3    543 U.S. 175
     125 S. Ct. 551
4    160 L. Ed. 2d 565 (2004)                                                    15, 17

5    *Foucha v. Louisiana*
     504 U.S. 71
6    112 S. Ct. 1780
     118 L. Ed. 2d 437 (1992)                                                    6, 7

7    *Gibson v. Berryhill*
     411 U.S. 564
8    93 S. Ct. 1689
9    36 L. Ed. 2d 488 (1973)                                                     3

10   *Henry v. Mississippi*
     379 U.S. 443
11   85 S. Ct. 564
     13 L. Ed. 2d 408 (1965)                                                     15

12
     *Hirsh v. Justices of the Supreme Court of the State of California*
13   67 F.3d 708 (9th Cir. 1995)                                                 2

14   *Hubbart v. Superior Court*
     19 Cal. 4th 1138
15   81 Cal. Rptr. 2d 492
     497, 969 P.2d 584 (1999)                                                    4, 5

16   *Hydrick v. Hunter*
17   500 F.3d 978 (9th Cir. 2007)                                                4, 5

18   *In re Parker*
     60 Cal. App. 4th 1453
19   71 Cal. Rptr. 2d 167 (1998)                                                 11

20   *Jones v. Barnes*
     463 U.S. 745
21   103 S. Ct. 3308
     77 L. Ed. 2d 987 (1983)                                                     15

22   *Jones v. Blanas*
23   393 F.3d 918 (9th Cir. 2004)                                                10

24   *Jones v. United States*
     463 U.S. 354
25   103 S. Ct. 3043
     77 L. Ed. 2d 694 (1983)                                                     7

26   *Kane v. Espitia*
     546 U.S. 9
27   126 S. Ct. 407
28   163 L. Ed. 2d 10 (2006)                                                     7, 12

08CV0436

iii

**TABLE OF AUTHORITIES  (continued)**

1

**Page**

2

3

*Kansas v. Hendricks*
4
521 U.S. 346
117 S. Ct. 2072
5
138 L. Ed. 2d 501 (1997) .............................................................. 6

6
*McNeely v. Blanas*
336 F.3d 822 (9th Cir. 2003) ........................................................ 10

7
*Middlesex County Ethics Comm. v. Garden State Bar Assn.*
8
457 U.S. 423
102 S. Ct. 2515
9
73 L. Ed. 2d 116 (1982) ................................................................ 3

10
*Nazarenus v. United States*
69 F.3d 1391 (8th Cir. 1995) ........................................................ 17

11
*Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*
12
477 U.S. 619
106 S. Ct. 2718
13
91 L. Ed. 2d 512 (1986) ................................................................ 3

14
*O'Connor v. Donaldson*
422 U.S. 563
15
95 S. Ct. 2486
45 L. Ed. 2d 396 (1975) ................................................................ 7

16
*People v. Badura*
17
95 Cal. App. 4th 1218
116 Cal. Rptr. 2d 336 (2002) .................................................... 8, 11

18
*People v. Butler*
19
68 Cal. App. 4th 421
80 Cal. Rptr. 2d 357 (1998) ........................................................ 11

20
*People v. Cheek*
21
25 Cal. 4th 894
108 Cal. Rptr. 2d 181
22
24 P.3d 1204 (2001) ...................................................................... 6

23
*People v. Hayes*
137 Cal. App. 4th 34
24
39 Cal. Rptr. 3d 747 (2006) ...................................................... 5, 8

25
*People v. Johnson*
26 Cal. 3d 557
26
162 Cal. Rptr. 431
606 P.2d 738 (1980) .................................................................... 16

27

28

08CV0436

iv

**TABLE OF AUTHORITIES  (continued)**

Page

*People v. McKee*
60 Cal. App. 4th 1517
73 Cal. Rptr. 3d 661 (2008)                                    6

*People v. Otto*
26 Cal. 4th 200
109 Cal. Rptr. 2d 327
26 P.3d 1061 (2001)                                           7

*People v. Shields*
155 Cal. App. 4th 559
65 Cal. Rptr. 3d 922 (2007)                                   4

*People v. Talhelm*
85 Cal. App. 4th 405
102 Cal. Rptr. 2d 150 (2000)                                  9

*Sassounian v. Roe*
230 F.3d 1097 (9th Cir. 2000)                                17

*Strickland v. Washington*
466 U.S. 668
104 S. Ct. 2052
80 L. Ed. 2d 674 (1984)                                   15, 17

*Taylor v. Illinois*
484 U.S. 400
108 S. Ct. 646
98 L. Ed. 2d 798 (1988)                                   15, 17

*Townsend v. Superior Court*
15 Cal. 3d 774
126 Cal. Rptr. 251
543 P.2d 619 (1975)                                       16, 17

*United States v. Burdell*
187 F.3d 1137 (9th Cir. 1999)                                 6

*United States v. Eight Thousand Eight Hundred and Fifth Dollars ($8,850) in U.S. Currency*
461 U.S. 555
103 S. Ct. 2005
76 L. Ed. 2d 143 (1983)                                       9

*United States v. Gregory*
322 F.3d 1157 (9th Cir. 2003)                                10

*United States v. Perry*
788 F.2d 100 (3rd Cir. 1986)                                  6

*United States v. Wadsworth*
830 F.2d 1500 (9th Cir. 1987)                                15

08CV0436

**TABLE OF AUTHORITIES  (continued)**

Page

*Waiwright v. Sykes*
433 U.S. 72
97 S. Ct. 2497
53 L. Ed. 2d 594 (1977)                                          15

*Williams v. Taylor*
529 U.S. 362
120 S. Ct. 1495
146 L. Ed. 2d 389 (2000)                                    2, 4, 13

*Younger v. Harris*
401 U.S. 37
91 S. Ct. 746
27 L. Ed. 2d 669 (1971)                                          2

**Constitutional Provisions**

United States Constitution
  Fifth Amendment                                               6
  Sixth Amendment                                            6, 7
  Fourteenth Amendment                                          7

**Statutes**

Antiterrorism and Effective Death Penalty Act ("AEDPA")
  Pub. L. No. 104-132, 110 Stat. 1214 (1996)                    2

California Penal Code
  § 1050(e)                                                    15

California Welfare and Institution Code
  §§ 6600-6604                                                  1

  § 6600                                                        4
  § 6601(a)(2)                                                  8
  § 6601(c),(d),(h),(i)                                        11
  § 6601.5                              2, 3, 5, 8, 10, 12, 13, 16
  § 6602                                                    11, 13
  § 6602(a)                                                   4, 5
  § 6602(b)                                                   5, 15
  § 6604                                                      4, 5
  § 6605                                                        5
  § 6608                                                        5

Stats. 1998
  ch. 19, § 2                                                   8

Stats. 2000
  ch. 41, § 2, pp. 102-03                                       5

08CV0436

**TABLE OF AUTHORITIES  (continued)**

1
                                                                    **Page**

2
Title 28 United States Code
3       § 2254                                                        17
        § 2254(d)                                              2, 4, 13, 17

4  **Court Rules**

5
California Rules of  Court
6       rule 3.1332                                                   15
        rule 3.1332(c)(1)                                             17
7       rule 3.1332(c)(2)&(3)                                         16
        rule 3.1332(c)(3) & (d)(8)                                   16
8       rule 3.1332(d)(8), (9) & (10)                                16
        rule 3.1332(d)(9)                                            17

9  **Other Authorities**

10
ABA Standards of Criminal Justice: Prosecution and Defense Function
11 Standard 4-5.2 (3d ed. 1993)                                      15

12 California's Sexually Violent Predator's Act ("SVPA")              4

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08CV0436