UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID O'SHELL, | Civil No.08cv436-J(NLS) |
| Petitioner, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE RE: PETITIONER'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| STEVEN MAYBERG, Warden, | |
| Respondent. | [Doc. No. 4] |

David O'Shell ("Petitioner") is currently in Respondent's custody on a civil petition after a jury found he was a sexually violent predator within the meaning of California Welfare and Institutions Code sections 6600-6604. He is housed at Coalinga State Hospital. His time in custody is indeterminate. He has filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, raising a single claim for relief [Doc. No. 4]. Respondent filed an answer to the amended petition and lodged documents in support [Doc. No. 11], arguing that because Petitioner's challenge to his commitment is ongoing in the California Court of Appeal, this Court should abstain from ruling on his amended petition. In the alternative, Respondent asserts that Petitioner's claim is without merit. Petitioner filed a traverse and documents in support [Doc. Nos. 16 & 18]. After a thorough review, the Court **RECOMMENDS** that the Petition be **DISMISSED** without prejudice.

///

///

///

## BACKGROUND

On November 16, 2006, a Petition for Commitment as a Sexually Violent Predator ("SVP petition") was filed against Petitioner in San Diego County Superior Court.  The SVP petition alleged that Petitioner previously was convicted of a sexually violent offense against two or more victims, and suffers from a diagnosed mental disorder that makes him a danger to the health and safety of others in so far as it makes him likely to engage in future sexually violent predatory behavior within the meaning of Welfare and Institutions Code §§6600 subd. (c) through (e). [*Lodgment No. 1* at 1-63, "Petition for Involuntary Treatment of a Sexually Violent Predator."]  On December 6, 2007, a jury found Petitioner to be a sexually violent predator, and the trial court ordered his commitment to the Department of Mental Health for an indeterminate term pursuant to the provisions of Welfare and Institutions Code sections 6600-6604.  Petitioner remains committed to Coalinga State Hospital in Coalinga, California. [*Id*. at 136-37, "Order for Involuntary Treatment of a Sexually Violent Predator."]

Subsequent to his commitment, Petitioner, proceeding pro se, filed a state habeas petition in San Diego County Superior Court challenging the constitutionality of the arraignment and probable cause hearing which preceded his trial.  The court denied the petition based on Petitioner's failure to provide any reasons to support his constitutional challenge, and advised Petitioner to consult with his legal counsel prior to filing any further petitions. [*Lodgment No. 4*, "Order Denying Petition for Writ of Habeas Corpus," Sup. Ct. No. HC 18785.]  On May 10, 2007 Petitioner filed a state habeas petition in the California Court of Appeal, once again challenging the constitutionality of his arraignment and probable cause hearing.  [*Lodgment No. 5*, "Petition for Writ of Habeas Corpus," Ca. App. Ct. No. D050847.]  Petitioner raised a single ground for relief, arguing the trial court's failure to hold his arraignment and probable cause hearing within the applicable time period violated his Fourteenth Amendment due process rights as he was not afforded the opportunity to waive time, and his attorney chose not to do so. [*Id*. at 3.]  On May 18, 2007, the appellate court denied the petition, finding that Petitioner improperly used the writ to bypass a decision by his attorney not to file a motion to dismiss. [*Lodgment No. 6*, 2.]

Shortly thereafter, Petitioner filed a second state habeas petition in the California Court of Appeal raising the same ground for relief and attaching supporting exhibits which he had not submitted

with his prior petition. [*Lodgment No. 7*, "Petition for Writ of Habeas Corpus," Cal. App. Ct. No. D050983.] On August 14, 2007, the appellate court found the petition procedurally barred pursuant to *In Re Clark*, (1993) 5 Cal.4th 750, 765, which bars successive or piecemeal petitions. The court also found that Petitioner failed to state a prima facie claim for relief. [*Id*., citing *Townsend v. Superior Court* (1975) 15 Cal.3d 774, 781 (trial counsel has general authority to control all decisions affecting trial tactics and court proceedings).] On September 18, 2007, Petitioner filed the same state habeas petition in the California Supreme Court. [*Lodgment No. 9*, "Petition for Writ of Habeas Corpus," Cal. S. Ct. No. S156411.] The court denied the petition without comment on November 14, 2007. [*Lodgment No. 10*.]

On March 10, 2008, Petitioner, still proceeding pro se, filed a third state habeas petition in the California Court of Appeal. (*See In re DAVID O'SHELL on Habeas Corpus*, Ca. App. Ct. No. D052648, Case Docket, available at http://appellatecases.courtinfo.ca.gov/search.cfm?dist=41, website last accessed October 15, 2008 at 11:21 a.m.) Prior to this filing, on December 18, 2007, Petitioner's counsel filed a notice of direct appeal of Petitioner's commitment in the California Court of Appeal. (*See The People v. O'Shell*, Ca. App. Ct. No. D052192, *see id.* re: access to docket.) On April 9, 2008, the Court of Appeal decided to consider his third habeas petition filed March 10, 2008 concurrently with his pending direct appeal, and ordered the Clerk of Court to forward a copy of the pro se petition to Petitioner's appellate counsel. (*Id*, April 9, 2008 Docket Entry.) On June 27, 2008, Petitioner's appellate counsel filed an opening brief; Respondent's brief has not yet been filed after being granted several extensions of time in which to do so. [*Lodgment No. 11*.] Petitioner's most recent state habeas petition and his direct appeal are currently pending in the California Court of Appeal.

Petitioner, proceeding pro se, filed his original Petition in this Court on March 7, 2008. The presiding District Judge dismissed the petition without prejudice because Petitioner failed to name a proper respondent [Doc. No. 3]. Petitioner complied with the order, and filed a corrected First Amended Petition on April 21, 2008 [Doc. No. 4]. Although he states the claim as three separate grounds for relief, Petitioner raises the single claim raised in his previous state habeas petitions, challenging the constitutionality of his arraignment and probable cause hearing because he did not knowingly waive time to hold the hearing outside the applicable time periods. (*See First Amended Petition*, "Grounds for

1  Relief," 3-8.) Respondent filed an answer to the petition on July 25, 2008 [Doc. No. 11]. Respondent
2  argues that this Court should dismiss the petition based on the principles articulated in the abstention
3  doctrine due to the pendency of Petitioner's direct appeal. Petitioner filed a traverse on October 8,
4  2008, in which he argues that the abstention doctrine is not applicable to his case [Doc. No. 16].

## DISCUSSION

6        The *Younger* abstention doctrine forbids federal courts from enjoining pending state criminal
7  proceedings, absent extraordinary circumstances that create a threat of irreparable injury. *See Younger*
8  *v. Harris*, 401 U.S. 37, 53-54 (1971); *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992), cert.
9  denied, 506 U.S. 1054 (1993). *Younger* abstention is not limited to ongoing state criminal proceedings,"
10 however, and the doctrine extends to civil proceedings as well "provided those proceedings implicate
11 important state interests." *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079,
12 1082 (9th Cir. 1987)(citations omitted). "*Younger* generally directs a federal court to abstain from
13 granting injunctive or declaratory relief that would interfere with pending state judicial proceedings."
14 *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997). If *Younger* abstention applies, a
15 federal court may not retain jurisdiction over the case, but should dismiss the action. *World Famous*
16 *Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1081 (9th Cir. 1987); *see Kenneally*, 967
17 F.2d at 331; *Juidice v. Vail*, 430 U.S. 327, 348 (1977). In the habeas context, *Younger* abstention
18 promotes both the interests of comity and judicial economy. Courts have "long recognized that in some
19 circumstances considerations of comity and concerns for the orderly administration of criminal justice
20 require a federal court to forego the exercise of its habeas corpus power." *Francis v. Henderson*, 425
21 U.S. 536, 539 (1976). A habeas petitioner may be acquitted at trial, or on appeal, thereby mooting the
22 federal issue in the petition. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

23       *Younger* abstention is appropriate when: (1) the state proceedings are ongoing; (2) the
24 proceedings implicate important state interests; and (3) the state proceedings provide an adequate
25 opportunity to raise federal questions. *Middlesex County Ethics Commission v. Garden State Bar*
26 *Association*, 457 U.S. 423, 432 (1982); *Baffert v. California Horse Racing Board*, 332 F.3d 613, 617
27 (9th Cir. 2003); *Kenneally*, 967 F.2d at 331. Under the first prong of the *Younger* test, the pendency of
28 the state proceedings is determined at the time the federal complaint/petition is filed. *Mission Oaks*

*Mobil Home Park v. City of Hollister*, 989 F.2d 359, 360-61 (9th Cir. 1993); *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988).  State proceedings are ongoing if appellate remedies have not been exhausted.  *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608-09 (1975).  The second *Young* factor anticipates that state court proceedings may involve an important state interest when significant state policies are at issue.  *Middlesex County Ethics Commission*, 457 U.S. at 432; *see World Famous Drinking Emporium*, 820 F.2d at 1082-83 (civil proceeding implicated state's interest in enforcing municipal ordinances regulating public nuisances).  With respect to the third factor, the Supreme Court has noted that "where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'"  *Middlesex County Ethics Commission*, 457 U.S. at 432.  To satisfy this final requirement, it is sufficient that constitutional claims may be raised in state court judicial review of the proceeding.  *See Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986).  All three of the *Younger* requirements are satisfied in the present case.

First, Petitioner's direct appeal from his trial and subsequent civil commitment is ongoing in the California Court of Appeal.  Petitioner also has a state habeas petition pending before the appellate court, being considered concurrently with his appeal.  His direct appeal was pending at the time he filed his original federal petition.  Petitioner filed his pending state habeas petition within days of his original federal petition and over a month prior to his amended federal petition.  As such, it appears that state proceedings are ongoing that implicate the validity of Petitioner's commitment and the related hearings and procedures leading to his commitment, and potentially may render the claim in his amended federal petition moot.  *Sherwood*, 716 F.2d at 634.

Second, the state judicial proceedings implicate important state interests.  California's Sexually Violent Predator Act was passed to protect the public from individuals who have committed sexually violent crimes and who risk engaging in repeated violent sexual acts as the result of a mental disorder.  Third, the state appellate process provides an adequate opportunity for Petitioner to raise his constitutional challenge to his commitment proceedings.  Petitioner's claim may be brought on direct appeal, and the state appellate court will have the opportunity to rule upon the constitutionality of Petitioner's commitment.

Petitioner argues in his traverse that his claim has been finally determined by way of his first

three state habeas petitions, the last of which was before the state's highest court. [*Petitioner's Traverse*, 5.] As such, he asserts that this Court has no reason to abstain from considering his amended petition since it presents the same ground for relief asserted in his state habeas petitions. [*Id.*] The essence of Petitioner's argument is that he has exhausted his claim in state court, and therefore it is ripe for consideration here. In order to properly exhaust, the specific factual basis of the federal claim must be presented to the highest state court, *see Kelly v. Small*, 315 F.3d 1063, 1067-69 (9th Cir. 2003), either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The exhaustion-of-state-remedies doctrine reflects the same policy of federal-state comity that underlies the abstention doctrine: to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). However, the exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court. *Sherwood*, 716 F.2d 632, 634. This includes a pending direct appeal, as is the situation here. *Id.* The Ninth Circuit has held unequivocally that the exhaustion requirement is not satisfied if there is a pending proceeding in state court, even if the issue the petitioner seeks to raise in federal court has been finally determined by the highest available state court. *Id.* This is because, in the instant case, the pending state action might result in reversal of Petitioner's commitment on some other ground, mooting the federal case. *See id.* In *Sherwood*, a direct appeal was pending although the federal issues had been decided by the state courts via another procedural route. The exhaustion rationale articulated in *Sherwood* provides an alternative to the *Younger* abstention, and is well-established in this circuit.

Abstention is therefore required in this case unless an exception to *Younger* applies, of which there are few. Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Irreparable injury does not exist if the threat to the petitioner's federally protected rights may be eliminated by his defense of the criminal case. *Id.* at 46. Moreover, even irreparable injury is

insufficient to permit interference with the proceeding unless it is "both great and immediate." *Id.* Petitioner fails to demonstrate a threat of immediate irreparable injury.

This Court must respect California's state judicial process and abstain from determining the merits of Petitioner's claim. Therefore, although Respondent discussed Petitioner's claim on its merits, the Court shall not address Respondent's substantive answer to the amended petition.

### CONCLUSION

Accordingly, under the rationales of both *Sherwood* and *Younger*, the undersigned Magistrate Judge **RECOMMENDS** that the First Amended Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice to refiling once Petitioner's state appellate proceedings are complete.

**IT IS ORDERED** that no later than ***November 14, 2008***, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than ***November 21, 2008***. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED:  October 16, 2008

*[signature]*

Hon. Nita L. Stormes
U.S. Magistrate Judge