UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID O'SHELL,<br><br>                             Petitioner,<br><br>         v.<br><br>STEVEN MAYBERG, Warden,<br><br>                             Respondent. | Civil No.   08-0436 J (NLS)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT & RECOMMENDATION**<br><br>**(2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

Presently before this Court is Magistrate Judge Nita L. Stormes's Report and Recommendation ("R&R") recommending that the Court dismiss Petitioner David O'Shell's ("Petitioner" or "O'Shell") Petition for writ of habeas corpus without prejudice. [Doc. No. 19]. This Court has considered O'Shell's Petition, Respondent Steven Mayberg's ("Respondent" or "Mayberg") Answer, Petitioner's Traverse, and all supporting documentation submitted by the parties. Having considered these documents, this Court **DISMISSES** O'Shell's Petition for writ of habeas corpus **without prejudice**.

*Background*

On November 16, 2006, a Petition for commitment as a Sexually Violent Predator ("SVP") was filed against Petitioner in San Diego County Superior Court. The SVP petition alleged that Petitioner was previously convicted of a sexually violent offense against two or more victims, and suffers from a diagnosed mental disorder that makes him a danger to the

health and safety of others insofar as it makes him likely to engage in future sexually violent predatory behavior within the meaning of Welfare and Institution Code §§ 6600 subd. (c) through (e). (Lodgment No. 1 at 1-63.) On December 6, 2007, a jury found Petitioner to be a sexually violent predator, and the trial court ordered his commitment to the Department of Mental Health for an indeterminate term pursuant to the provisions of Welfare and Institutions Code sections 6600-6604. Petitioner remains committed to Coalinga State Hospital in Coalinga, California. (*Id.* at 136-37.)

Subsequent to his commitment, Petitioner, proceeding pro se, filed a state habeas petition in San Diego County Superior Court challenging the constitutionality of his arraignment and probable cause hearing which preceded his trial. The court denied the petition based on Petitioner's failure to provide any reasons to support his constitutional challenge. (Lodgment No. 4.) On May 10, 2007, Petitioner filed a state habeas petition in the California Court of Appeal, once again challenging the constitutionality of his arraignment and probable cause hearing. (Lodgment No. 5.) On May 18, 2007, the appellate court denied the petition, finding that Petitioner improperly used the writ to bypass a decision by his attorney not to file a motion to dismiss. (Lodgment No. 6, at 2.)

Petitioner then filed a second state habeas petition in the California Court of Appeal, raising the same ground for relief and attaching supporting exhibits he had failed to submit with his first petition. (Lodgment No. 7.) On August 14, 2007, the appellate court found the petition procedurally barred as a successive or piecemeal petition. *In re Clark,* 5 Cal.4th 750, 765 (1975). Additionally, the court found that Petitioner had failed to state a prima facie claim for relief. *Id.* (citing *Townsend v. Superior Court,* 15 Cal.3d 774, 781 (1975)). On September 18, 2007, Petitioner filed the same state habeas petition in the California Supreme Court. (Lodgment No. 9.) The court denied the petition without comment on November 14, 2007. (Lodgment No. 10.)

On December 18, 2007, Petitioner's counsel filed a notice of direct appeal of Petitioner's commitment in the California Court of Appeal. While his direct appeal was pending, Petitioner, once again acting pro se, filed a third state habeas petition in the California Court of Appeal on March 10, 2008. On April 9, 2008, the court of appeal decided

1  to consider his third habeas petition filed March 10, 2008 concurrently with his pending
2  direct appeal.
3     Petitioner, proceeding pro se, filed his original Petition in this Court on March 7,
4  2008. [Doc. No. 1.] The Court dismissed the petition without prejudice because Petitioner
5  failed to name a proper respondent. [Doc. No. 3.] Petitioner complied with the order and filed
6  a First Amended Petition on April 21, 2008. [Doc. No. 4.] Although Petition states three
7  separate grounds for relief, Petitioner raises the single claim raised in his previous state
8  habeas petitions, challenging the constitutionality of his arraignment and probable cause
9  hearing because he did not knowingly waive time to hold the hearing outside the applicable
10 time periods. [*Id.* at 3-8]. Respondent filed an answer to the Petition on July 25, 2008. [Doc.
11 No. 11]. Respondent argues this Court should dismiss the Petition on the principles
12 articulated in the *Younger* abstention doctrine due to the pendency of Petitioner's direct
13 appeal. Petitioner filed a traverse on October 8, 2008, in which he argues that the abstention
14 doctrine is not applicable to his case. [Doc. No. 16].
15    Magistrate Judge Stormes issued an R&R on October 16, 2008, recommending that
16 this Court dismiss the Petition without prejudice under the abstention doctrine. [Doc. No.
17 19]. No objections were filed with the Court.

### *Legal Standard*

19    The *Younger* abstention doctrine forbids federal courts from enjoining pending state
20 criminal proceedings, absent extraordinary circumstances that create a threat of irreparable
21 injury. *Younger v. Harris,* 401 U.S. 37, 53-54 (1971); *San Jose Silicon Valley Chamber of*
22 *Commerce Political Action Committee v. City of San Jose,* 546 F.3d 1087 (9th Cir. 2008);
23 *Kenneally v. Lundgren,* 976 F.2d 329, 331 (9th Cir. 1992), [*cert. denied*], 506 U.S. 1054
24 (1993). *Younger* abstention applies to civil proceedings as well as criminal proceedings
25 "provided those proceedings implicate important state interests." *World Famous Drinking*
26 *Emporium, Inc. v. City of Tempe,* 820 F.2d 1079, 1082 (9th Cir. 1987) (citations omitted).
27 "*Younger* generally directs a federal court to abstain from granting injunctive or declaratory
28 relief that would interfere with pending state judicial proceedings." *Martinez v. Newport Beach City,* 125 F.3d 777, 781 (9th Cir. 1997).

*Younger* abstention is appropriate when: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Baffert v. Cali. Horse Racing Bd.,* 332 F.3d 613, 617 (9th Cir. 2003); *Kenneally,* 967 F.2d at 331. If *Younger* abstention applies, a federal court may not retain jurisdiction over the case and is required to dismiss the action. *World Famous Drinking Emporium,* 820 F.2d 1079, 1081

### *Discussion*

In the present case, all three requirements of the *Younger* doctrine are satisfied. First, Petitioner's direct appeal from his trial and subsequent civil commitment is "ongoing" in the California Court of Appeal. Petitioner's state case was decided by the California Court of Appeal on April 8, 2009, following the R&R issued by the Magistrate Judge. However, Ninth Circuit authority unequivocally holds that "the critical question is not whether the state proceedings are still 'ongoing', but whether 'the state proceedings were underway before initiation of the federal proceedings.'" *Beltran v. California,* 871 F.2d 777, 782 (9th Cir. 1988) (citing *Fresh Int'l Corp. v. Agricultural Labor Relations Bd.,* 805 F.2d 1353, 1356-58. Here, Petitioner's direct appeal was pending at the time he filed his original federal petition. [*See* Doc. No. 1]. "Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires *dismissal* of the federal action." *Beltran,* 871 F.2d at 782. As a result, even though Petitioner's state claims have been decided, this Court is unable to exercise jurisdiction over the claims because the state claims are "ongoing" under the first prong of the *Younger* doctrine. *World Famous Drinking Emporium,* 820 F.2d at 1081; *see Kenneally,* 967 F.2d at 331; *Juidice v. Vail,* 430 U.S. 327, 348 (1977).

The second prong, that the proceedings implicate an important state interest, is also met. The second *Younger* factor anticipates that state court proceedings may involve an important state interest when significant state policies are at issue. *Middlesex County Ethics Comm'n,* 457 U.S. at 432; *see World Famous Drinking Emporium,* 820 F.2d at 1082-83

1  (civil proceeding implicated state's interest in enforcing municipal ordinances regulating
2  public nuisances). Here, a jury determined that Petitioner is a SVP. California's Sexually
3  Violent Predator Act was passed to protect the public from individuals who have committed
4  sexually violent crimes and who risk engaging in repeated violent sexual acts as the result of
5  a mental disorder. The confinement of SVPs clearly implicates an important state interest to
6  the state of California.

7  The third prong has also been met. The importance of the state interest may be
8  demonstrated by the fact that the noncriminal proceedings bear a close relationship to
9  proceedings criminal in nature. *Middlesex,* 457 U.S. at 432. "Proceedings necessary for the
10 vindication of important state policies or for the functioning of the state judicial system also
11 evidence the state's substantial interest in the litigation." *Id.* (citing *Trainor v. Hernandez,*
12 431 U.S. 434 (1977)); *Juidice v. Vail*, 430 U.S. 327 (1977). The state appellate process
13 provides an adequate opportunity for Petitioner to raise his constitutional challenge to his
14 commitment proceedings. Thus, the third and final prong of the *Younger* abstention doctrine
15 is met.

16 Petitioner argues in his traverse that his claim has been fully determined by way of his
17 first three state habeas petitions, the last of which was before the state's highest court. [Doc.
18 No. 16, at 5.] Thus, Petitioner asserts that because his claim was exhausted in state court, it is
19 therefore ripe for consideration. [*Id.*] However, the exhaustion requirement applicable to
20 federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in
21 state court. *Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983). This includes a pending
22 direct appeal, as is the situation here. *Id.* The Ninth Circuit has held that the exhaustion
23 requirement is not satisfied if there is a pending proceeding in state court, even if the issue
24 the petitioner seeks to raise in federal court has been finally determined by the highest
25 available state court. *Id.* This is because the pending state action might result in reversal of
26 Petitioner's commitment on some other ground, mooting the federal case. *See id.* As a result,
27 Petitioner's claim has not been exhausted in state court, providing an alternative to the
28 *Younger* abstention doctrine.

Abstention is therefore required in this case unless an exception to *Younger* applies, of

which there are few. Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. *Younger,* 401 U.S. at 53-54. Irreparable injury does not exist if the threat to the Petitioner's federally protected rights may be eliminated by his defense of the criminal case. *Id.* at 46. Petitioner has failed to demonstrate a threat of immediate irreparable injury.

### *Conclusion*

For the reasons above, this Court **ADOPTS** the R&R and, accordingly, **DISMISSES** O'Shell's Petition for Writ of Habeas Corpus **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED: September 24, 2009

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge